365 So.2d 194 (1978)
Charles MORT, Appellant,
v.
Patty MORT, Appellee.
No. 78-1263.
District Court of Appeal of Florida, Fourth District.
December 6, 1978.
Gary E. Massey of Brock, Massey, Walden & Eaton, Altamonte Springs, for appellant.
W.J. Heffernan, Jr. of Lubet, Heffernan & Rabinowitz, Altamonte Springs, for appellee.
LETTS, Judge.
This is an appeal from a non-final order affecting child custody, the court having determined that both Pennsylvania and Florida could exercise dual jurisdiction under the Uniform Child Custody Jurisdiction Act effective in this state October 1, 1977. We reverse and remand.
The entire family lived in Pennsylvania until mid 1977 when they moved to Florida with the two children aged 6 and 4. Shortly thereafter family strife was renewed and the wife returned to Pennsylvania taking the children. Subsequently the wife permitted the children to make a summer visit to their father in Florida, but instead of returning them at the conclusion thereof, he instituted custody proceedings here and later, upon satisfaction of his residency requirement, a dissolution proceeding in which he again requested custody.
Pursuant to the progress of the various custody enquiries and hearings (which included a recommendation from the Department of Health and Rehabilitative Services that the father be given permanent custody *195 with liberal visitation rights to the mother) the court entered the order appealed from.
The order in question provided, inter alia, that,
(1) The Florida Court had jurisdiction
(2) The Pennsylvania Court had jurisdiction, and
(3) The Pennsylvania Court and the Florida Court could both determine matters concerning the care, custody and control of the children.
(4) "this temporary order shall be subject to modification by either this court or a court of competent jurisdiction in the State of Pennsylvania."
The Father correctly argues on appeal that the provisions of the applicable Florida Statute require the Florida Court to ascertain
(1) Whether it has jurisdiction[1],
(2) Whether there are already custody proceedings pending in another state[2] and
(3) Whether Florida is a convenient forum for custody[3].
In the case now before us, the court did find jurisdiction in Florida and also that no proceedings had been instituted in Pennsylvania[4]. However it did not find Florida to be an inconvenient forum and in fact all indications from the record are to the effect that Florida is a convenient forum. This being so, we feel it was error for the Florida Court to grant the power to the Pennsylvania Court to exercise jurisdiction and modify custody while simultaneously keeping that power unto itself as well. In other words, if Florida is convenient, the jurisdiction should be exercised here. If inconvenient, it should be so exercised in Pennsylvania.
The Florida Uniform Act in Section 61.134, Florida Statutes (1977) clearly provides:
Hearings and studies in another state; orders to appear.
(1) A court of this state may request the appropriate court of another state to hold a hearing to adduce evidence, to order a party to produce or give evidence under other procedures of that state, or to have social studies made with respect to the custody of a child involved in proceedings pending in the court of this state; and to forward to the court of this state certified copies of the transcript of the record of the hearing, the evidence otherwise adduced, or any social studies prepared in compliance with the request... .
Accordingly, there is no error in requesting the Pennsylvania Court to "assist"[5] the Florida Court in determining custody. However, it goes far beyond the statutory intent to, in effect, confer the exercise of dual jurisdiction so that Florida and Pennsylvania can both act "... concerning the ... care, custody and control of the minor children of the parties... ."
We find no Florida case exactly on point but are persuaded by the Oregon case of Carson v. Carson, 29 Or. App. 861, 565 P.2d 763 (1977). It is true that the model version of the Uniform Act has an express provision which states "while jurisdiction may exist in two states ... it will not be exercised in both ...." whereas the Florida version contains no such language.[6] However, the Florida act does state in Section 61.1304 that "... the general purposes of this act are to ... avoid jurisdictional competition and conflict with courts of other states... ." To us this language is tantamount to an instruction that jurisdiction is not to be simultaneously *196 exercised in both states. Certainly we are of the opinion that the trial judge's order here appealed, in effect provides the opportunity for competition between the two courts and appears to be "... wholly contrary to the purposes of the Uniform Act." Carson, supra, 768.
We therefore reverse this cause and remand it for further proceedings in accordance herewith.
CROSS and ANSTEAD, JJ., concur.
NOTES
[1] § 61.1308, Fla. Stat. (1977)
[2] § 61.1314, Fla. Stat. (1977)
[3] § 61.1316, Fla. Stat. (1977)
[4] This is apparent from the further language of the order which states "that the Respondent is entitled to institute proceedings in Pennsylvania to assist this court in determining custody... ."
[5] The word "assist" is the very word used by the trial judge in this cause.
[6] Neither does the Oregon Statute. See Carson, supra.