432 So.2d 62 (1983)
Raymond Lawrence GREENE, Appellant,
v.
Donna Vivian GREENE, Appellee.
No. 81-2040.
District Court of Appeal of Florida, Third District.
April 5, 1983.
Rehearing Denied June 14, 1983.
Raymond Lawrence Greene, in pro per.
Marsha B. Elser; Melvyn B. Frumkes, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This pro se appeal is taken by a persevering husband from a post-judgment order awarding attorneys' fees to a relentless wife in an action originally brought to modify a Virginia court custody award. From appellant's prolix brief we have focused on the elemental question of jurisdiction. At our request appellee filed a supplemental brief limited to the question of jurisdiction over the subject matter.
The Circuit Court in Virginia, home state of the parties, after protracted litigation on the wife's petition for divorce, by an order dated May 9, 1979, awarded custody of the two minor sons to the father, appellant, and retained jurisdiction over the subject matter.[1] *63 The main issue to be decided is whether it was error for the Florida trial court to exercise jurisdiction over the subject matter for the purpose of allocating attorneys' fees for services incurred "in seeking child support". We conclude it was error and reverse.
Two months after the Virginia decree gave him custody, the appellant, an Air Force officer, was temporarily transferred to Homestead Air Force Base in Florida. He brought the children with him. Fearing an attempt by the wife to effect a change of custody outside Virginia, the husband petitioned the Florida Circuit Court to domesticate the Virginia custody decree for the purpose of enjoining the wife from "snatching" the children.[2] During the months of November and December, appellee-wife filed in the Florida court a motion for visitation rights and a petition to modify the Virginia decree to change the custody award. These were scheduled for hearing in June, 1980.
At his request, appellant-husband was transferred back to Langley Air Force Base in Virginia in April, 1980. In May, 1980 he petitioned the Virginia Court to grant a divorce based on separation for more than one year and for a reaffirmation of jurisdiction over the parties and the subject matter. By an emergency order dated May 9, 1980 the Virginia Circuit Court granted petitioner leave to present evidence and argument in support of his prayer for a divorce a vinculo matrimonii. That order further provided:
ADJUDGED, ORDERED and DECREED, that the Clerk of this Court transmit immediately by certified mail return receipt requested an exemplified copy of this Order to the Circuit Court of the Eleventh Judicial Circuit of Florida for Dade County, Family Division. This Order constitutes a reaffirmation of this court's jurisdiction over the issue of custody of the parties' minor children, and the Court does hereby respectfully request that the Florida Court refrain from exercising jurisdiction over the same cause. (emphasis supplied).[3]
In June, 1980 the Florida court, ignoring the request by the Virginia court, conducted a hearing without the presence of appellant or children. The Virginia decree was modified to award child custody to the wife.
On July 7, 1980, a final hearing in the Virginia Circuit Court on appellant's petition for divorce was held; both parties appeared with counsel. The wife-appellee's motion to dismiss or stay the Virginia proceedings was denied. By decree entered in September, 1980, the Virginia court held that Virginia was the home state of the parties, that it had jurisdiction prior to the Florida court, and that Florida should not have exercised jurisdiction; it then entered final judgment divorcing the parties, affirming its award of custody to the father, and placing restrictions on the wife's exercise of visitation rights.
By order entered December 10, 1980, appellant-husband was found in contempt by the Florida court for failure to appear on December 5, 1980 to show cause why he failed to appear with the children at the hearing of June 9, 1980 wherein appellee-wife was awarded custody of the children. Appellant was found in contempt, absente reo, and sentenced to six months in the county jail.
In support of the Florida court's exercise of subject matter jurisdiction appellee relies on Section 61.1308(1)(b)1, 2, Florida Statutes (1979) and contends that Florida is a "a desirable jurisdiction to make a custody determination *64 or modification". That Section provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
* * * * * *
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
The facts relied upon to establish a significant connection with this state, as proffered by appellee, consist of a showing that: (1) upon commencement of the Florida proceedings the children had been in Florida with their father for less than five months, (2) the children had been examined by two respected community psychologists, and (3) the children were attending local schools and living in a private home in Homestead, Florida. Another feeble argument is made that Virginia is not the home state of the parties and that no other state has jurisdiction.
The parties concede that these proceedings are governed by Sections 61.1302  61.1348, Florida Statutes (1979), known and cited as the Uniform Child Custody Jurisdiction Act. The general purposes of the act, as stated in Section 61.1304 are:
(1) Avoid jurisdictional competition and conflicts with courts of other states... .
(2) Promote cooperation with the courts of other states... .
(4) Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection... .
(5) Deter abductions and other unilateral removals of children... .
(6) Avoid relitigation of custody decisions of other states... .
(7) Facilitate the enforcement of custody decrees of other states... .
Consistent with these expressed purposes, Section 61.1314 limits the exercise of jurisdiction when another state is already exercising jurisdiction concerning child custody:
61.1314 Simultaneous proceedings in other states. 
(1) A court of this state shall not exercise jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
(2) ... If the court has reason to believe that proceedings may be pending in another state, it shall direct an inquiry to the state court administrator or other appropriate official of the other state.
(3) ... If the court is informed during the course of a proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum.
There is no basis for the Florida court to have assumed or exercised jurisdiction over the subject matter of child custody for any reason other than to enforce the Virginia decree. There is a glaring dearth of evidence that the child and the parents have any significant connection with this state. See Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981) (there was no significant connection for the purpose of Florida jurisdiction on mother's petition for change of custody where father, a lawful custodian, *65 and the child were citizens of Singapore and the child was in Florida only temporarily). Physical presence in the state of the children and one or more of the contestants is insufficient, by itself, to confer jurisdiction on a Florida court to make a child custody determination, except in cases of abandonment, abuse, or neglect. See Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980). There is no showing in support of the assertion that the Virginia court lacked jurisdiction to enter a custody decree, see Howard v. Howard, 378 So.2d 1329 (Fla. 5th DCA 1980) (where Kentucky court admittedly was without jurisdiction over the custody issue, Florida was not prohibited from modifying the Kentucky decree), nor is there any allegation that the Virginia court was not exercising its jurisdiction substantially in conformity with the Act. See Bonis v. Bonis, 420 So.2d 104 (Fla. 3d DCA 1982).
It is said that before its adoption of the Act in 1977, Florida was one of two states (the other being New York) which often had shown disdain for prior custody decisions of sister states.[4] Frumkes & Elser, Uniform Child Custody Jurisdiction, The Florida Experience, Florida Bar Journal, December, 1979, at 684. That lack of comity with respect to custody decrees of other states is a mischief the law was enacted to remedy. The Florida legislature, by adoption of the Act in 1977, has effectively commanded the courts to defer to a sister state which has already correctly assumed jurisdiction in a child custody case when that other state exercises its jurisdiction in a fashion consistent with the Act.[5] Section 61.1314, Fla. Stat. (1979); see Bonis v. Bonis; Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982); Wheeler v. Wheeler, 383 So.2d 655 (Fla. 2d DCA 1980); Lopez v. Dist. Court, Fourth Judicial Dist., 199 Colo. 207, 606 P.2d 853 (Colo. 1980); Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1979). Cf. Mort v. Mort, 365 So.2d 194 (Fla. 4th DCA 1978) (holding Florida court could not confer dual custody jurisdiction to both Pennsylvania and Florida).
Clearly, Virginia is the home state of the parties, the state with the most significant interest in the parties and subject matter, the state which first assumed jurisdiction, and the state where a proceeding concerning custody of the children was pending at the time the Florida petition was filed.
That plaintiff did not appeal the original order which modified the Virginia child custody decree is not fatal. "Courts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order." Mendez v. Ortega, 134 So.2d 247, 248 (Fla. 3d DCA 1961), citing Bohlinger v. Higginbotham, 70 So.2d 911 (Fla. 1954). Subject matter jurisdiction cannot be conferred by consent, failure to object, or waiver. Wilds v. Permenter, 228 So.2d 408 (Fla. 4th DCA 1969). For cases factually similar see Campbell v. Campbell, 388 N.E.2d 607 (Ind. App. 1979), (since the threshold requirements of the Uniform Child Custody Jurisdiction Law are directed to subject matter jurisdiction of the court, the lack of such jurisdiction may be raised sua sponte by an appellate court) and Zalduendo v. Zalduendo, 45 Ill. App.3d 849, 4 Ill.Dec. 450, 360 N.E.2d 386 (1977) (on appeal from a post-judgment order that husband pay wife's attorney fees entered five years after original order awarding child support, husband may still raise issue of subject matter jurisdiction).
*66 The Order Allocating Attorney's Fees is vacated[6] and the cause dismissed for lack of subject matter jurisdiction.[7]
NOTES
[1] The order was entered on the divorce action. Because the parties had not been separated at least one year and the evidence was otherwise insufficient, the divorce aspect was dismissed; child custody was awarded to the husband and the case was "removed from the docket".
[2] Wife had previously taken one of the children to Texas where she lived. On appellant's petition the Texas court granted habeas corpus relief and ordered the children returned to the husband.
[3] Appellant appeared through counsel in November, 1980 and, relying on the same Virginia decree, moved the Florida court to dismiss the proceeding. The court denied his motion.
[4] It was further stated, censurably, that "In Florida, there is a literal de novo trial of custodial right without reference to prior decrees of sister states." Foster and Freed, Child Snatching and Custodial Fights: The Case for the Uniform Child Custody Jurisdiction Act, 28 Hastings L.J. 1011 (1977). Cited in Frumkes & Elser, infra, at 685, 693.
[5] As of October 1, 1979, thirty-nine states including Virginia, had adopted the Act; a fortieth, Kentucky had adopted the jurisdictional requirement but not the act itself. Frumkes & Elser, supra at 685.
[6] As to other orders entered by the trial court which are not the subject of this appeal, i.e., Order of Contempt, Final Judgment as to Custody of Minor Children, Order for Suit Money, and Writ of Garnishment, appellant may seek relief in the trial court pursuant to Rule 1.540(b), Florida Rules of Civil Procedure.
[7] Lack of jurisdiction as used here does not refer to the inherent power of the court. The Florida statute in question, § 61.1314, imposes a statutory limitation upon the power of the circuit court to accept jurisdiction, and in this limited sense it is said that the court is without jurisdiction. See Department of Business Regulation v. Provende, Inc., 399 So.2d 1038 (Fla. 3d DCA 1981) (statutory or judicially created limitations may prevent a circuit court from accepting jurisdiction over subject matter).