445 So.2d 633 (1984)
Daisy PADGETT, Appellant,
v.
Charles A. PETTIS, et Ux., Appellees.
No. AS-197.
District Court of Appeal of Florida, First District.
February 9, 1984.
Rehearing Denied March 15, 1984.
*634 Daisy Padgett, pro se, for appellant.
Russell A. Cole, Jr., Bonifay, for appellees.
ZEHMER, Judge.
In this child custody dispute between grandparents, the circuit court, citing jurisdiction under chapter 61, Florida Statutes, awarded custody of the two grandsons to Charles and Mary Pettis, the paternal grandparents. Daisy Padgett, the maternal grandmother, raises two issues on this appeal. The first is whether the circuit court had jurisdiction to entertain the Pettis's complaint for custody and grant the requested relief. The second issue is whether the evidence was sufficient to support the court's award of custody to the Pettises. We affirm.
Janice and Phillip Pettis were parents of the two boys involved. Janice shot and killed her husband, Phillip, during a domestic argument. As a result, she was convicted of second degree murder in July 1981 and sentenced to twenty years imprisonment, including a three-year mandatory sentence for use of a firearm. Her conviction and sentence was ultimately affirmed by this court. Pettis v. State, 415 So.2d 1367 (Fla. 1st DCA 1982). While free on bond and awaiting disposition of her appeal, Janice remarried and bore a child fathered by her new husband. Before going to prison to serve her sentence, Janice arranged for her mother, appellant Padgett, to take physical custody of all three children and to care for them while Janice remained in prison.
After the death of their son, and before Janice left for prison, the Pettises successfully petitioned the circuit court for visitation rights regarding their two grandsons pursuant to section 68.08, Florida Statutes (1981). After Janice left for prison, the Pettises amended their petition to seek physical custody of the boys. The amended petition asserted jurisdiction under chapter 61, Florida Statutes, and also under chapter 39 by alleging that the "children are now dependent." After the amended petition was filed, the court ordered the Division of Health and Rehabilitative Services (HRS) to conduct studies of the maternal grandmother's home and the Pettis home. A study was made and reported to *635 the court recommending that the boys be placed in the Pettis home.
After holding an evidentiary hearing and considering the HRS report, the circuit court awarded custody of the boys to the Pettis family. Appellant Padgett resisted compliance with the order and secreted the boys for several days. A week later, the court ordered the Holmes County sheriff to locate the children, take them into custody, and deliver them to the Pettises. As a result, the boys are now residing with them.
Concerning the jurisdictional issue, we agree with the circuit court that jurisdiction was not properly invoked by the Pettises under chapter 39, Florida Statutes (1981). Although a circuit court has jurisdiction to award custody to grandparents in chapter 61 proceedings, Scott v. Singleton, 378 So.2d 885 (Fla. 1st DCA 1979); Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979); Burgess v. Burgess, 347 So.2d 1078 (Fla. 1st DCA 1977), and grandparents have standing to seek a declaration of dependency under chapter 39, In the Interest of W.D. Peterson, 364 So.2d 98 (Fla. 4th DCA 1978); In the Interest of W.H., 356 So.2d 34 (Fla. 1st DCA 1978); In re the Interest of R.J.C., 300 So.2d 54 (Fla. 1st DCA 1974); Van Meter v. Murphy, 287 So.2d 740 (Fla. 1st DCA 1973), the state must be made a party to any chapter 39 dependency petition that is contested. § 39.404(3), Fla. Stat. (1981). The state was not made a party in the instant case. Before grandparents may be awarded custody under chapter 39, it is essential that the children involved be adjudicated "dependent" under the provisions of that chapter. That was not done in this case.
The circuit court expressly ruled it had jurisdiction under the provisions of chapter 61, Florida Statutes, but in the process held that so much of sections 61.13(2)(b) and 61.1306, Florida Statutes (1981), providing that a grandparent shall not have standing as a contestant, are unconstitutional as applied in this case. We vacate the circuit court's ruling on this constitutional issue because those sections are not applicable to bar the paternal grandparents' claim for custody in this case. The purpose of sections 61.1302, et seq., Florida Statutes (1981), the "Uniform Child Custody Jurisdiction Act," is not to invest the circuit court with plenary power to resolve custody disputes, but to prevent interstate competition and conflicts regarding such disputes. Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980); Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1979); Mort v. Mort, 365 So.2d 194 (Fla. 4th DCA 1978). That uniform act presupposes an existing basis for the award of custody. § 61.1308(1), Fla. Stat. (1981). The circuit court's jurisdiction was not necessarily predicated on the provisions of chapter 61, Florida Statutes (1981), because a circuit court has inherent and continuing jurisdiction to entertain matters pertaining to child custody and to enter any orders appropriate to a child's welfare. State, Dept. of Health & Rehabilitative Services v. Hollis, 439 So.2d 947, 949 (Fla. 1st DCA 1983); Phillips v. Nationwide Mutual Ins. Co., 347 So.2d 465, 466 (Fla. 2d DCA 1977); Cooper v. Cooper, 194 So.2d 278, 281 (Fla. 2d DCA 1967); Brown v. Ripley, 119 So.2d 712, 717 (Fla. 1st DCA 1960); Golstein v. Golstein, 442 So.2d 330 (Fla. 4th DCA 1983) [8 FLW 2835]. See, Cone v. Cone, 62 So.2d 907 (Fla. 1953).
Regarding appellant's second point on the sufficiency of the evidence, appellant has failed to provide a transcript of the evidentiary hearing leading to the circuit court's custody order. A copy of the HRS report, however, is included in the record on appeal. The trial court's order comes to us clothed with a presumption of correctness. The record before us, especially in view of the recommendation in the HRS report, fails to establish any insufficiency in the evidence to support the circuit court's implicit finding that it is in the best interest of the children that custody be awarded to the paternal grandparents. The burden is on the appellant to demonstrate that the appealed order is erroneous on the record in the court below, but she has failed to do so. See, Applegate v. *636 Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
AFFIRMED.
MILLS and SHIVERS, JJ., concur.