CAMPBELL, Judge.
This is an appeal from a nonfinal order granting appellees’ petition for writ of ha-beas corpus in a child custody dispute. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii). We reverse the action of the trial court and quash the writ of habeas corpus.
Appellants are the natural parents of the two minor children who are the subject of the proceeding below and this appeal. Ap-pellees are the paternal grandparents of the two minor children. The two children are now approximately eleven and eight years of age. Apparently, because of various problems of the parents over the years, the children have been in the voluntary care of appellees for much of their lives. There is no allegation in the record before us that the children are abandoned children.
We find it unnecessary to recite the factual history involved in this case, as we determine from the pleadings alone that we must reverse and quash the order of the trial court.
Appellees originally filed a petition for custody of the children which essentially alleged only that the children had been with appellees for a number of years, that appellees were fearful that appellants, the natural parents, would remove the children from appellees and the jurisdiction of the court, and that it was in the best interest of *37 the children that appellees be awarded their care, custody and control. Based upon that petition and a temporary hearing, a temporary order was entered below on April 30, 1984, awarding appellees temporary custody of the children.
Appellants filed a motion to dismiss ap-pellees’ petition for custody asserting that chapter 39, Florida Statutes (1983) is the exclusive means by which a child may be declared dependent, that the children were not dependent within the meaning of that statute, and that the children were not subject to a custody proceeding entered by the grandparents against the natural parents pursuant to chapter 61, Florida Statutes (1983). On December 20, 1984, the court below properly granted appellants’ motion to dismiss with leave for appellees to amend.
Appellees thereafter, on January 4, 1985, filed a three-count petition. In Count I, they petitioned for a writ of habeas corpus based upon their allegation that appellants had taken custody of the children in violation of the earlier temporary order. In Count II, they sought to invoke jurisdiction of the court over custody of the children pursuant to chapter 39, Florida Statutes. In Count III, they alternatively sought to establish visitation rights with the children “pursuant to Florida Statutes 61.13.” [1]
Appellants, on January 22, 1985, again filed a motion to dismiss appellees’ petition. From the record before us, we are unable to determine whether that motion to dismiss has ever been ruled upon. Nevertheless, as a result of a hearing on February 22, 1985, appellees’ petition for habeas corpus was granted and the writ was issued on March 15, 1985. An amended writ was issued on April 12, 1985. The sole basis alleged by appellees below to support jurisdiction of the trial court in regard to custody of the children is chapter 39, Florida Statutes. Appellees have not properly supported their petition with allegations sufficient to invoke the trial court’s jurisdiction pursuant to chapter 39. More specifically, the state has not been made a party, nor have there been sufficient allegations of dependency to support either the petition or an order of temporary custody.
Absent a proper invoking of the jurisdiction of the court below, it was improper to issue the temporary order of custody and the resulting writ of habeas corpus. We also observe that if this were a proper chapter 39 proceeding, Florida Rule of Juvenile Procedure 8.720(f) requires a dismissal, with prejudice, of any petition for dependency on which an adjudicatory hearing is not begun within 180 days of the date the child was taken into custody pursuant to the petition. In this case, that date would have been April 30,1984, the date of the temporary custody order. The record before us does not reflect any extensions of time as contemplated by rule 8.720(f).
While the case of Padgett v. Pettis, 445 So.2d 633 (Fla. 1st DCA 1984) has been cited to us, we are not called upon to reach the issue of inherent jurisdiction of the circuit court in a child custody matter since the sole jurisdictional ground urged below was chapter 39. Were we called upon to address that issue, however, we would have severe reservations as to whether there is any inherent jurisdiction in the circuit courts to entertain a child custody proceeding against natural parents absent compliance with chapter 39, or chapter 63, Florida Statutes (1983).
The order of the circuit court below is reversed, and the writ and amended writ of habeas corpus is quashed.
SCHEB, A.C.J., and DANAHY, J., concur.

. Section 61.13, Florida Statutes (1983) has to do with child custody or visitation rights which grow out of a dissolution of marriage proceeding. Chapter 752, Florida Statutes (1984) provides for grandparental visitation rights when one or both parents of the child are deceased, the parents’ marriage has been dissolved, or a parent has deserted the child.