GERSTEN, Judge.
Appellant, Mary Crum Ledford Hulsey, (wife), appeals the dismissal with prejudice of her petition to adopt, domesticate, and enforce a child custody order pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA). §§ 61.1302-61.1348, Fla.Stat. (1989).
Appellant was divorced from appellee, Frank Coleman Ledford (husband), in Texas in 1985. In 1986, the Texas court awarded husband custody of their minor child.
In 1988, the wife brought a Texas action to modify custody. During the pendency of the request for modification in Texas, the husband moved to Florida with the minor child. Subsequently, • the Texas court issued a temporary order granting the wife primary custody of the child.
The wife filed a petition in Florida to adopt, domesticate, and enforce the Texas order, after the husband refused to relinquish custody. The husband advised the Florida circuit court that an appeal was pending in Texas. The trial court, based upon this Texas appellate information, dismissed the wife's petition, with prejudice.
Factually, in Texas, the husband filed a motion for reconsideration or rehearing of the Texas custody order. The motion was denied. The husband then indicated to the Texas court that an appeal was forthcoming after his motion was denied. No such appeal was ever undertaken. Contrary to the husband’s assertion to the Florida circuit court, and this court,[1] that an appeal was filed and pending, no notice of appeal or transcript was ever filed with the Texas appellate court.
Husband contends that the Texas order should not be enforced because the Texas court lacked jurisdiction due to procedural violations of Texas rules and procedures. The Texas court, however, in the husband’s motion for reconsideration or rehearing, heard the husband on these grounds and rejected them.
We find the Texas court to be better informed to rule on Texas rules and proce *677 dures than the husband. The husband, having surrendered his right to appeal the Texas ruling, simply has no argument. We therefore find the Texas order awarding temporary custody to the wife to be valid and enforceable.
Enforcement of the Texas order is accomplished in Florida through the UCCJA. The UCCJA provides:
The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this act....
§ 61.1328, Fla.Stat. (1989). The Texas court correctly assumed jurisdiction consistent with the UCCJA and issued a valid order. Accordingly, the UCCJA directs the courts of this state to defer to its sister state and enforce the Texas order. See Greene v. Greene, 432 So.2d 62 (Fla. 3rd DCA 1983).
We therefore reverse the order of dismissal and remand with instructions to reinstate the action and domesticate and enforce the Texas order awarding temporary custody to appellant.
Reversed and remanded with instructions.

. Appellate counsel gave his explanation for the misinformation.