SCHOONOVER, Chief Judge.
The appellant, Jeffrey C. Crouch, by this consolidated appeal, challenges two interlocutory orders awarding temporary custody of J.L.C., a minor, and J.A.C., a minor, to the appellee, Judith L. Riha. We affirm.
In 1987, pursuant to chapter 744, Florida Statutes (1985), the appellee, J.L.C. and J.A.C.’s maternal aunt, was appointed the children’s guardian after their mother was killed and the appellant, their father, was arrested and charged with her murder. The appellant consented to the appointment but did so only for the period he was in jail and also with the understanding it could be revoked at any time. When the charge against him was dismissed and he was released, the appellant revoked the consent and petitioned for the return of the girls and for termination of the guardianship. Prior to an evidentiary hearing concerning the termination or continuation of the guardianship, the trial court held an eviden-tiary hearing concerning the temporary custody of the girls and entered an order awarding temporary custody of the children to the appellee. This timely appeal followed.
The appellant concedes that the trial court had jurisdiction over the subject matter and over the parties, but contends that his parental rights cannot be determined in a guardianship proceeding. We tend to agree. In McCaskill v. McCaskill, 477 So.2d 36, 37 (Fla. 2d DCA 1985), this court said: “[W]e would have severe reservations as to whether there is any inherent jurisdiction in the circuit courts to entertain a child custody proceeding against natural parents absent compliance with chapter 39, or chapter 63, Florida. Statutes (1983).” See also Padgett v. Pettis, 445 So.2d 633 (Fla. 1st DCA 1984); State v. M.T.S., 408 So.2d 662 (Fla. 3d DCA 1981). In this case, however, we do not have to decide that question because the court was not determining the parental rights of the appellant. The appellee, with the appellant’s consent, had been appointed guardian of the girls and they were properly in her custody. The appellant sought to terminate this guardianship and during the pendency of that matter, the court had the inherent jurisdiction to enter orders to protect the children and their property, Phillips v. Nationwide Mut. Ins. Co., 347 So.2d 465 (Fla. 2d DCA 1977), and if necessary to consider *22 the fitness of the appellant, In re D.A. McW., 460 So.2d 368 (Fla.1984). In exercising its jurisdiction, the court decided that the children should remain in the custody of the appellee during the pendency of the proceedings. After the guardianship proceedings are terminated, if the appellee, a third party, desires to seek permanent custody of the children, thereby terminating the parental rights of the appellant, she will have to proceed under either chapter 39 or chapter 63.
We also find no reversible error committed by the trial court in its rulings concerning judicial notice.
Affirmed.
SCHEB and CAMPBELL, JJ., concur.