353 So.2d 197 (1977)
Louise Marie THOMPSON, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DIVISION OF SOCIAL AND ECONOMIC SERVICES, Appellee.
No. 77-987.
District Court of Appeal of Florida, Third District.
December 20, 1977.
*198 Irene Redstone and Bruce M. Boiko, Miami, for appellant.
Roger J. Schindler, Miami, for appellee.
Before HAVERFIELD, NATHAN and HUBBART, JJ.
NATHAN, Judge.
This is an appeal from a summary dismissal of her petition to regain custody by the natural mother of two minor children who were permanently committed to the state's care. Appellant did not appeal the original order of permanent commitment when it was entered in 1974. The sole question on appeal is whether the trial court correctly construed the provisions of Section 39.11(6), Florida Statutes (Supp. 1977).
This section provides, in pertinent parts, that a permanent order of commitment "shall permanently deprive the parents ... of any right to the child," and that, once an order of permanent commitment has been entered, "the court shall no longer exercise jurisdiction over the child... ."
Appellant contends that the statute, read as a whole, contemplates adoption as the reason for requiring finality of commitment procedures, and that where adoption proceedings have not been instituted, the statute should not preclude the court from hearing the natural parent's petition to regain custody. She contends that unless she is allowed to re-open the original proceedings, she will have no avenue by which to seek permission to regain custody of her children.
We disagree, and affirm the ruling of the court below. Any rights the natural mother may have had to the children have been permanently lost. To allow final proceedings to be re-opened by means other than a proper appeal of the original order would be to wrench from the word "permanent" its intended meaning in this statute.
But this does not preclude her from establishing new rights through independent adoption proceedings. Once an order of permanent commitment is entered, the Division of Family Services stands in the shoes of the natural parents. Although the statute deprives the court of further jurisdiction over the child as far as the commitment proceedings are concerned, it has no effect on the Circuit Court's jurisdiction over adoption proceedings. Thus appellant may petition the Circuit Court, as anyone else, for the right to adopt the children, and appropriate means are available for a complete review of her petition.
Affirmed.