SMITH, Acting Chief Judge.
Appeal from an order adjudging C.M.M. a dependent child under Chapter 39, Florida Statutes (1977). The circuit court’s order commits the child to the custody of the Department of Health and Rehabilitative Services pending placement for adoption, and permanently severs the parental rights of the natural parents. Jean D. Marion Harmon, the child’s natural mother and appellant here, contested the dependency adjudication. The natural father initially opposed the adjudication but later withdrew his opposition and is not a party to this appeal.
The record on appeal does not contain transcripts of the hearings leading to the dependency order. The record contains an affidavit of a deputy clerk of the circuit court reciting that the hearings were recorded and the recordings filed, but the recordings have since been lost or erased. In a second affidavit, an assistant state attorney affirms that the proceedings were recorded and further states that he and appellant’s attorney “have attempted a reconstruction of the record, but have been unable to so do.”
Mrs. Harmon urges that we must reverse the adjudication of dependency and remand for a new trial because she cannot present the “substance” of any of the proceedings below for our review without a verbatim transcript. We do not agree. An appellate court cannot consider a case unless the record reveals all evidence and proceedings before the trial court which are *790 material to the resolution of points on appeal. White v. White, 306 So.2d 608 (Fla. 1st DCA 1975). And a new trial may be necessary where essential records are destroyed through no fault of the appellant, and counsel are unable to accurately reconstruct the proceedings and evidence.[1] Van Scoyoc v. York, 173 So.2d 483 (Fla. 2d DCA 1965), cert. denied, 179 So.2d 214 (Fla.1965). But it is necessary that appellant raise a question on appeal which we cannot resolve without resort to the missing portion of the record.
Mrs. Harmon raises no issue requiring resort to a transcript of the proceedings. Mrs. Harmon complains only that in the final order the trial judge improperly attempts to prohibit her from petitioning to adopt her child after the dependency adjudication. She states that the trial court affirmatively held that she could petition to adopt her child in the first dependency order; but the court later amended the order to delete that statement. This, she urges, is an attempt to prohibit her from petitioning for adoption. We need not refer to a transcript of the proceedings to determine that there is no error. The amended order does not purport to affect Mrs. Harmon’s rights to petition for adoption in a subsequent proceeding and does not affect whatever rights she may have. Thompson v. Dept. of Health and Rehabilitative Services, 353 So.2d 197 (Fla. 3d DCA 1977).
The record before us contains substantial competent evidence that the dependency adjudication meets the requirements of Section 39.11, Florida Statutes (1977). The order appealed from is AFFIRMED.
ERVIN and BOOTH, JJ., concur.

. Rule 9.200(b)(3), Fla.R.App.P., which took effect after notice of appeal was filed in this case, provides that appellant “may prepare a statement of the evidence or proceedings from the best available means, including his recollection.” The statement is submitted to the trial judge with objections and amendments from appellee to be “settled and approved” and included in the record on appeal.