BERANEK, Judge.
This is an appeal from a final order entered by the Circuit Court which dismissed a natural mother’s petition to set aside an order of permanent commitment and a pri- or order of dependency regarding her natural daughter. The mother challenged the orders arguing that she had not received proper notice. The trial court determined that it lacked jurisdiction to consider the mother’s petition and dismissed it. Although we do not agree with the court’s jurisdictional ruling, we affirm for other reasons.
Here there were actually two separate proceedings involving the child. In an initial proceeding, the child was determined to be dependent. In a subsequent proceeding, the child was again determined to be dependent and pursuant to Section 39.41(l)(d), Florida Statutes (1979), the child was permanently committed to the Department of Health and Rehabilitative Services for subsequent adoption.
The natural mother filed a petition to set aside the finding of dependency and the subsequent permanent commitment on January 19, 1980, almost eleven months after the order of commitment. The trial court held a full evidentiary hearing on the mother’s petition. The natural mother contended no proper certificate of diligent search *484 had been filed in the initial dependency proceeding. She further alleged that because the Department failed to serve her personally it' failed to obtain jurisdiction over her and that the initial dependency order was therefore void. Because of this she alleged the later commitment order was also void.
The Department of Health and Rehabilitative Services moved to dismiss the petition alleging the court had no jurisdiction in the matter pursuant to Section 39.41(4), Florida Statutes (1979), which provides in part:
The entry of the permanent order of commitment shall not entitle the licensed child-placing agency or department to guardianship of the estate or property of the child, but the licensed child-placing agency or department shall be the guardian of the person of the child and the court shall no longer exercise jurisdiction over the child after entry of such order. (Emphasis added.)
After a full evidentiary hearing, the trial court dismissed the petition on jurisdictional grounds. The court concluded, as the Department had urged, that it was without jurisdiction to consider the matter. We disagree for if the notice to the natural mother was so defective as to render the order void the trial court would have jurisdiction to set it aside.
We initially note that appellant/natural mother does not challenge the sufficiency of notice nor compliance with the statutory procedures in the later permanent commitment proceeding. Indeed, the evidence presented shows that the statute was adequately complied with, an affidavit of diligent search and inquiry was filed, and the procedures regarding notification were sufficient. The Department alleged and the evidence showed that after giving up custody of the child it had not heard from the natural mother since April of 1977 and could not locate her after considerable effort. Appellant’s only argument is that defects in the initial dependency proceedings tainted the later commitment hearing. We disagree because the commitment action was a separate proceeding and in compliance with all statutory requirements.
Appellant also asserts that parental rights regarding a child may never be terminated without personal service of process upon both parents. We reject this argument and find that constructive service is sufficient when coupled with a showing of abandonment and when the other requirements of Chapter 39 are met. Otherwise a child whose parents abandoned him could never be adopted unless the parents were actually found. Here, there was more than adequate evidence of abandonment.
We conclude the trial court did have jurisdiction to consider the natural mother’s petition to set aside the order of commitment, however, there is no need for reversal. There has been a full hearing and the evidence is overwhelming that petitioner had adequate notice and that the prescribed procedures were followed. Further the only attack relates to the earlier proceeding which did not affect the later proceeding for permanent commitment.
THE ORDER OF COMMITMENT IS AFFIRMED.
HERSEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.