412 So.2d 413 (1982)
Thelma GREEN, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, SOCIAL AND ECONOMIC SERVICES PROGRAM, Appellee.
No. 80-2221.
District Court of Appeal of Florida, Third District.
April 13, 1982.
*414 William N. Hutchinson, Jr., Fort Lauderdale, for appellant.
Elizabeth Auguste-Gilmore, Miami, for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
This is an appeal from an order dismissing with prejudice an amended petition for adoption.
The petition was brought by the natural mother's uncle and aunt, who were looked upon as grandparents of the child they sought to adopt. The child had spent the first ten months of her life in the custody of these "grandparents," to whom written consent to adopt had been given by the natural mother. While the child was in such custody, the Department of Health and Rehabilitative Services (HRS) instituted against the natural mother a petition for permanent commitment of the child. The "grandparents" were aware of and attended those proceedings. Ultimately, the petition for commitment was granted. As a consequence, the natural mother was permanently deprived of her rights to the child. § 39.41(4), Fla. Stat. (1979); In the Interest of C.M.M., 364 So.2d 788 (Fla. 1st DCA 1978); Thompson v. Department of Health and Rehabilitative Services, 353 So.2d 197 (Fla. 3d DCA 1977). The permanent order of commitment was not appealed.
The termination order was appended to HRS' motion to dismiss the amended petition for adoption. The trial court granted the motion to dismiss, with prejudice, ostensibly on the basis of either res judicata or estoppel by judgment.[1]
HRS concedes, as it must, that a permanent commitment proceeding pursuant to Section 39.41, supra, constitutes a different cause of action than does an adoption proceeding under Chapter 63, Florida Statutes (1979). Therefore, the doctrine of res judicata is not applicable to the present case. Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 386, 50 So. 504, 507 (1909); Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316, 1321 (Fla. 3d DCA), cert. denied, 379 So.2d 203 (Fla. 1979).
In contrast, identity of the causes of action is not a necessary element of estoppel by judgment. Burleigh House Condominium, Inc. v. Buchwald, supra; Wacaster v. Wacaster, 220 So.2d 914 (Fla. 4th DCA 1969). The operation and effect of this doctrine is aptly described in Volume 32, Florida Jur 2d, Judgments and Decrees, Section 116:
Where the causes of action are different, the doctrine of estoppel by judgment comes into play, in which case the parties are precluded from relitigating matters actually litigated and determined, but only those matters, and not matters which were in fact not litigated in the former action, even though such matters might properly have been determined therein. Thus, before a litigant is barred under the doctrine of estoppel by judgment, it must appear that the points or questions involved in the subsequent action were determined in the prior action.
*415 It is established law that the termination of the natural parents' rights by commitment proceedings does not foreclose their right to seek adoption pursuant to Chapter 63, supra. In the Interest of C.M.M., supra; Thompson v. Department of Health and Rehabilitative Services, supra. Nonetheless, HRS argues that affirmance is required under the principle of estoppel by judgment because the issues involved in termination and adoption proceedings are virtually the same, and because the "grandparents" were in privity with the natural mother due to the written consent of adoption. We disagree.
Proceedings for permanent commitment, pursuant to Section 39.41(4), supra, are concerned with termination of parental rights. Chapter 63, supra, is concerned with the conferral of parental rights. Under Section 39.41(1)(d) 1.a(I), Florida Statutes (1979), the substantive grounds for termination of parental rights are: (a) abandonment; (b) abuse; or (c) neglect. See State v. M.T.S., 408 So.2d 662 (Fla. 3d DCA 1982). The foregoing are a reflection of parental unfitness and unsuitability. Pragmatically, they are simply the inversion of the suitability and fitness necessary to warrant conferral of parental rights in an adoption proceeding under Chapter 63, supra.
However, any adoption proceeding brought by a natural parent pursuant to Chapter 63, supra, will necessarily occur in point of time after the termination of parental rights accomplished pursuant to Section 39.41, supra. If adoption is to be granted, it must be demonstrated that, no matter what derelictions originally caused the loss of parental rights, there has been a rehabilitation to the point where parental suitability and fitness have reached a level sufficient to warrant adoption.
Stated another way, a decree granting permanent custody to HRS is a determination of matters pertaining to custody only as they existed prior to the date of such decree. Moore v. Lee, 72 So.2d 280, 283 (Fla. 1954). It follows that when the circumstances supporting the order of commitment are no longer present at the time an adoption petition is filed, estoppel by judgment may not be invoked to prevent litigation of the adoption issues.
Our determination that the doctrine of estoppel by judgment cannot be successfully raised against the natural mother obviates any discussion as to whether the "grandparents" were in privity with her.
The order appealed from is reversed and remanded for further proceedings.
NOTES
[1] We go directly to the merits of the controversy rather than discussing the procedural impropriety of granting the respondent's motion to dismiss based upon the affirmative defenses of res judicata and estoppel by judgment, which are properly raised by responsive pleading. Fla.R.Civ.Pro. 1.110(d). A motion to dismiss, pursuant to Rule 1.140 properly asserts only those affirmative defenses then appearing on the face of the pleadings. Fla.R.Civ.Pro. 1.110(d).