433 So.2d 11 (1983)
In the Interest of T.G.T., a Child.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Patricia STALEY, et al., Appellees.
No. AF-93.
District Court of Appeal of Florida, First District.
June 1, 1983.
*12 James A. Sawyer, Jr., Ocala, for appellant.
No Appearance for appellees.
MILLS, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals an order finding T.G.T. to be dependent and directing HRS to begin permanent commitment proceedings.
T.G.T., now almost four years old, was left with a maternal aunt and uncle when one year old. The aunt and uncle were told they could keep the child. Except for an initial $40, the mother has not contributed to the child's support. The mother visited three times during the first six months of the child's stay with the aunt and uncle and has not visited the child since. Her current whereabouts are unknown. The father's identity is unknown.
HRS brought dependency proceedings which resulted in the appealed order. The issue before us is whether a circuit judge may on his own motion initiate permanent commitment proceedings in a dependency proceeding. We hold that the legislature has expressly given the circuit court this power and, therefore, affirm.
At the outset we observe that permanent commitment is an appropriate disposition under these facts, Interest of C.M.H., 413 So.2d 418 (Fla. 1st DCA 1982).
Section 39.41, Florida Statutes (1981), sets out the power of the court after adjudicating a child dependent. Subsection 39.41(1)(f) provides that the court may order the permanent commitment of the child. This subsection standing alone would have authorized the actual permanent commitment of T.G.T. without further proceedings.
However, subsection 39.41(3), as well as due process, requires notice be given to a variety of interested persons. That notice was not given in the case before us.
We interpret the order below as requiring HRS to give the proper notice. Compare Interest of M.A.S., 398 So.2d 483 (Fla. 4th DCA 1981). There is no doubt that the circuit judge acted properly in requiring that notice be given.
We are not convinced by HRS's "parade of horribles." Should T.G.T.'s mother become rehabilitated, she may petition for adoption. The permanent commitment will not prevent the adoption, Green v. HRS, 412 So.2d 413 (Fla. 3d DCA 1982).
No HRS employee will be required to falsely swear to a personal belief that the commitment is in the child's manifest best interest. An allegation that the court has determined that permanent commitment is in the manifest best interest of the child will be sufficient.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.