JOANOS, Judge.
Jenkins appeals a final order permanently committing her four minor chil *10 dren to the Department of Health and Rehabilitative Services (HRS) for subsequent adoption. She contends that the procedures followed by HRS and the trial court denied her due process of law and that the trial court exceeded its statutory authority by ordering HRS to file a petition for permanent commitment. We have found no due process violations in the procedures followed by HRS or the trial court. The trial court did not exceed its statutory authority in directing HRS to file a petition for permanent commitment. In the Interest of T.G.T. v. Staley, 433 So.2d 11 (Fla. 1st DCA 1983). We have further determined that the record evidence fully supports the trial court’s judgment of permanent commitment of the four children.
We observe that there could be a situation involving awkwardness where a judge presides over a permanent commitment hearing after the same judge has directed HRS to petition for permanent commitment. If there was predisposition on the part of the judge favoring commitment prior to the hearing, there could especially be a problem. However, there is no evidence of predisposition on the judge’s part in this case. The record here reveals nothing contrary to open-mindness and fairness on the part of the Circuit Judge in the conduct of the case reviewed. Further, as there was no attempt in this case to disqualify the trial judge from presiding over the permanent commitment hearing, we see no need to further discuss the point.
Accordingly, the trial court’s permanent commitment order is AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.