499 So.2d 929 (1986)
In the Interest of J.M. and S.D.M., Both Children.
No. BM-286.
District Court of Appeal of Florida, First District.
December 24, 1986.
Rehearing Denied January 26, 1987.
*930 Warren R. Ross, Northwest Florida Legal Services, Inc., Pensacola, for appellant.
Jim Smith, Atty. Gen., Shirley A. Walker, Asst. Atty. Gen., Tallahassee, for appellee/Dept. of Rehabilitative Services.
John B. Carr of Carr & Barnes, Pensacola, for appellees/Larry and Kathy Dye.
SMITH, Judge.
The paternal grandmother appeals the circuit court's final order permanently placing the children in the custody of the maternal aunt and uncle. We affirm.
On May 3, 1985, the paternal grandmother petitioned the court for custody of the children during the mother's absence while she attended additional schooling and basic training in the military. The petition also alleged that the father's whereabouts were unknown. Attached to the petition was the mother's authorization for the paternal grandmother to take temporary custody of the children until January 1986. On June 6, 1985, the circuit court adjudicated the children dependent, awarded custody to the paternal grandmother, and retained jurisdiction over the case. Included in its reasons for the custodial award were the mother's desire to enter the military necessitating her absence for additional schooling and basic training and the paternal grandmother's willingness to care for the children in the absence of the mother and father.
On August 16, 1985, the mother filed a motion for custody modification, alleging her present ability, and the paternal grandmother's inability, to care for the children. A hearing on the mother's motion was set for September 3, 1985, but prior to that date, the mother was murdered. On the date of the hearing, the father, paternal grandmother, maternal grandmother, and an HRS representative appeared before the court. Due to the mother's untimely death, the circuit court continued the modification hearing until home studies could be conducted on the father and both grandmothers. Following a request by the maternal aunt and uncle to be included in the list of prospective custodians, the circuit court directed HRS to conduct a home study on them as well. Prior to the dispositional hearing, the written reports on all four home studies were filed with the court.
Present at the dispositional hearing were the paternal grandmother with her counsel, maternal grandparents, maternal aunt and uncle, and an HRS representative. The natural father was not present. Both the circuit court and appellant's counsel directed questions to the maternal aunt and uncle. Appellant raised no objections at the hearing.
Based on the written reports submitted by HRS (and its Alabama equivalent) and the testimony presented at the hearing, the trial court determined that it would be in the best interests of the children to be permanently placed in the custody of the maternal aunt and uncle. In making its *931 determination, the circuit court stated that although it found no fault with the quality of care provided by the paternal grandmother, the maternal aunt and uncle could offer the children a more stable home environment and financial security. Following rendition of the order, the paternal grandmother timely filed her notice of appeal.
Appellant raises several issues on appeal. First, she contends that the circuit court lacked subject matter jurisdiction, because the mother died while her motion for modification was pending before the court. We disagree. Once the court is vested with jurisdiction and determines dependency in the adjudicatory phase, it maintains continuing jurisdiction through the dispositional phase. In the Interest of A.D.J., 466 So.2d 1156 (Fla. 1st DCA 1985). In addition, a circuit court has inherent and continuing jurisdiction to entertain matters pertaining to child custody and to enter any order appropriate to a child's welfare. See In the Interest of T.G.T., 433 So.2d 11 (Fla. 1st DCA 1983) (where the circuit court on its own motion during a dependency proceeding ordered HRS to commence permanent commitment proceedings); State, Department of Health and Rehabilitative Services v. Hollis, 439 So.2d 947 (Fla. 1st DCA 1983) (where the circuit court on its own motion, upon discovering the mother's failure to comply with a stipulation, ordered HRS to begin permanent commitment proceedings); and Padgett v. Pettis, 445 So.2d 633 (Fla. 1st DCA 1984) (where the circuit court's order awarding custody to the paternal grandparents was affirmed on appeal, based on the circuit court's inherent and continuing jurisdiction in matters pertaining to child custody and to enter any orders appropriate to a child's welfare, even though the court lacked specific jurisdiction under Chapter 61 or Chapter 39).
In the instant case, although the initial order awarding the paternal grandmother custody of the children does not specify whether the order was temporary or permanent, it is clear from the context in which it was issued that the court intended the order to be temporary. The natural mother, paternal grandmother, and trial court all indicated that the mother had temporarily relinquished custody so that she could attend basic training in the military. Since the paternal grandmother's custodial status was temporary, without doubt the trial court had jurisdiction to determine, on its own motion, permanent placement of the children.
Appellant also contends that the circuit court failed to comply with the provisions of section 39.41(e), Florida Statutes (1985). To support her position, appellant argues that this provision requires proof of a change in the custodian's situation or that of the person seeking modification before placement of the child can be modified. While appellant's interpretation of the law is correct, Interest of K.H., 444 So.2d 547 (Fla. 1st DCA 1984); In Interest of W.H., 356 So.2d 34 (Fla. 1st DCA 1978), her argument that the facts herein do not demonstrate a need for a change in custody is unpersuasive. The change in circumstances which affected the lives of all the parties involved herein was the death of the natural mother. Her death necessitated a change in the status of custody from temporary to permanent.
Appellant further asserts that the trial court applied incorrect standards in determining custody. We disagree. In determining which of the relatives would be the most suitable custodian for the children, the circuit court's primary concern was the best interests of the children. See Interest of W.H., supra, where the court held that the welfare of a dependent child is the supreme consideration in a dependency case. In permanently placing the children with the maternal aunt and uncle, the circuit court considered several factors, the most significant of which were the family's stable home environment and financial security. We hold that the circuit court applied the proper test relating to the permanent placement of children among competing relatives where the natural parents are unavailable, and we also approve of the *932 factors the circuit court considered in making this determination.
Finally, as to appellant's contention that her right to cross-examine the individuals who prepared the home studies was improperly denied, we find that no objection on this issue was made below. Thus, the issue has not been preserved for appellate review.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.