PER CURIAM.
The Department of Health and Rehabilitative Services (hereafter, “HRS”) petitions for writ of common law certiorari to review the trial court’s order requiring HRS to consider the respondents (hereafter, “the Does”) as prospective adoptive parents. Because we find that the trial court exceeded its jurisdiction and otherwise deviated from the essential requirements of law, we grant the petition and quash the trial court’s order.
In June 1993, the Does took custody of Madison, a newborn girl, through private adoption proceedings. In September 1993, Madison’s older half-sibling, B.M., was per *1101 manently committed to the custody of HRS when Madison and B.M.’s natural mother had her parental rights over B.M. terminated. Later in September, B.M.’s foster parents, with whom B.M. had been living for nearly six months, filed a petition to adopt B.M. The Does then filed a motion in the trial court to have HRS comply "with section 39.45(2), Florida Statutes (1993), which,- according to the Does, required HRS to make “every reasonable attempt” to place B.M. in the same home as her half-sibling. Despite HRS’ expressed intent to place B.M. with her foster parents, the trial court issued the challenged order granting the Does’- motion and ordering HRS to “consider” the Does as a prospective placement for B.M. Furthermore, the court warned HRS that it should “be prepared to respond to the [Does] and the Court to define the process taken in considering the [Does] as a prospective adoptive placement for [B.M.].”
The following statutory provision was the basis for both the trial court’s order and the Does’ motion:
When two or more children in foster care are siblings, every reasonable attempt shall be made to place them in the same foster home; in the event of permanent commitment of the siblings, to place them in the same adoptive home; and, if the siblings are separated, to keep them in contact with each other.
§ 39.45(2), Fla.Stat. (1993) (emphasis added). This provision states the legislative intent to preserve the sibling relationship in foster care and adoptive placement. We can only assume that the trial court sought to give effect to this intent by applying it in the instant situation. However, the plain language of the provision precludes its application to this case, where Madison and B.M. were never in foster care together. Indeed, Madison was never in the system, but was privately placed by her natural mother.
The trial court’s order also contradicts the plain language of section 39.47(4), Florida Statutes (1993), which restricts the court’s jurisdiction in adoptive placement. According to this provision, once HRS is given custody of a child for adoptive placement, the court’s jurisdiction is limited to status review and supervision of HRS’ progress in pursuing permanent placement. The trial court’s jurisdiction specifically “does not include the exercise of any power or influence by the court over the selection of an adoptive parent.” § 39.47(4), Fla.Stat. (1993) (emphasis added). The trial court’s requirement that HRS consider the Does, and its warning that HRS be prepared to defend its selection process before the Does and the court, clearly amounted to interference in the selection process. Had there been a basis in law for requiring consideration of the Does, then it would at least be open to question whether the trial court had jurisdiction to enter the instant order as part of its supervisory function and as a means of maintaining HRS’ accountability in the matter of permanent placement. However, as we have already concluded, there was no requirement that the Does be considered. Consequently, the court had no authority, supervisory or otherwise, to enter the instant order.
We find that the trial court exceeded its jurisdiction and deviated from the essential requirements of law. Accordingly, we grant HRS’ petition for writ of certiorari and quash the trial court’s order.
MINER, BARFIELD and WOLF, JJ., concur.