649 So.2d 881 (1994)
Nelson RIVERA-BERRIOS, Appellant,
v.
Thomas A. STEFANOS and Bridgitte B. Stefanos, His Wife, Appellees.
No. 93-1919.
District Court of Appeal of Florida, Fifth District.
May 27, 1994.
Order Certifying Question on Grant of Rehearing February 3, 1995.
Barry Apfelbaum, Orlando, for appellant.
Heidi M. Tauscher, Heidi M. Tauscher, P.A., Orlando, for appellees.
Order Certifying Question on Grant of Rehearing En Banc February 3, 1995.
HARRIS, Chief Judge.
Nelson Rivera-Barrios is again before this court. In his initial appeal, he sought to reverse a determination that his parental rights should be terminated because of neglect and abandonment  even though, because the mother admittedly lied about knowing his name or address, he was given no notice of the hearing initially terminating his parental rights.[1] Because this court's majority issued a per curiam decision without opinion, the Supreme Court lacked jurisdiction to review our earlier determination. See Rivera-Berrios v. Adoption Center, Inc., *882 617 So.2d 1067 (Fla. 5th DCA 1993), rev. dismissed, 623 So.2d 494 (Fla. 1993).
Appellant is back again; this time his efforts to intervene in and assert a crossclaim for adoption in a pending adoption case involving his child were denied under the doctrine of res judicata, estoppel by judgment and collateral estoppel based on the judgment referred to in the preceding paragraph. The issue before us, then, is whether one who has had his parental rights terminated may thereafter contest for the adoption of his child. The answer, quite clearly, is yes. Because a termination proceeding is not the same cause of action as an adoption proceeding, res judicata is inapplicable; estoppel by judgment (or collateral estoppel) is not available because appellant's present fitness to adopt was not determined by the previous action. See Green v. State Dept. of Health, etc., 412 So.2d 413 (Fla. 3rd DCA 1982). Green holds:
It is established law that the termination of the natural parents' rights by commitment proceedings does not foreclose their right to seek adoption pursuant to chapter 63, supra.

Green, 412 So.2d at 415.
The issue properly before the adoption judge was whether the natural father has been sufficiently "rehabilitated" so that he may now contest for the adoption of his child. See In Interest of T.G.T., 433 So.2d 11 (Fla. 1st DCA 1983).
We are required by our earlier decision to recognize that the father was derelict in failing to pay medical bills for the birth of his child and support for the child (even though the mother admits that she led him to believe she had had an abortion) and that this lack of support justified a finding of neglect and abandonment. Even so, the adoption court must now determine if the father's subsequent, very public declaration of his desire to assume all future financial responsibility for the child and his exhaustion of every conceivable legal remedy to do just that has now evinced a resolute, firm and settled purpose to assume his parental duties. The adoption court must further determine whether these actions demonstrate that "no matter what derelictions originally caused the loss of parental rights, there has been a rehabilitation to the point where parental suitability and fitness have reached a level sufficient to warrant adoption." Green, 412 So.2d at 415.
We acknowledge that the passage of time required by these proceedings is harmful to everyone. As children grow older, bonding occurs and new directions are difficult. Because of that, the legislature should, consistent with due process, impose strict time standards with expedited hearings and appeals in these types of action. Even so, it does not appear that the father is responsible for the delay, and he is entitled to a fair hearing on the merits of his petition.
REVERSED and REMANDED for action consistent with this opinion.
COBB, J., concurs.
W. SHARP, J., concurs in result only, without opinion.

ON MOTION FOR REHEARING EN BANC
HARRIS, Chief Judge.
We grant en banc rehearing for the purpose of certifying the following question to the supreme court:
MAY ONE WHO HAS HAD HIS PARENTAL RIGHTS TERMINATED THEREAFTER INTERVENE IN AN ONGOING ADOPTION PROCEEDING AND CONTEST FOR THE ADOPTION OF HIS CHILD?
DAUKSCH, COBB, PETERSON and THOMPSON, JJ., concur.
GRIFFIN, J., concurs specially with opinion, in which DIAMANTIS, J., concurs.
DIAMANTIS, J., concurs specially with opinion, in which DAUKSCH, W. SHARP, and GOSHORN, JJ., concur.
GRIFFIN, Judge, concurring specially.
I join in voting to certify the question and while Judge Diamantis' question seems more precise, either would suffice to bring this issue to the high court's consideration. I *883 write only to raise a caveat about Judge Harris' characterization of the evidence in the termination of parental rights proceeding. The trial court decided the facts and weighed the evidence adverse to Judge Harris' view of the evidence. The majority of a panel of this court affirmed the lower court's decision.
DIAMANTIS, J., concurs.
DIAMANTIS, Judge, concurring specially.
I would grant en banc rehearing for the purpose of certifying the following question to the supreme court:
MAY A PERSON WHOSE PARENTAL RIGHTS HAVE BEEN TERMINATED INTERVENE IN AN ADOPTION PROCEEDING IN ORDER TO CONTEST THE ADOPTION OF THE CHILD AND TO SEEK TO ADOPT THE CHILD?
DAUKSCH, W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] At the termination hearing (although the court ruled that the father was not entitled to notice) the court also found that appellant had neglected and abandoned his child. The Supreme Court of Iowa, in response to a similar factual pattern, reached a different result:

While it is true that Daniel has not shared in any of the expenses in connection with the birth, he was never requested to do so. Nor was there any need to pay the expenses until he learned the child was his. Abandonment is defined as the relinquishment or surrendering of parental rights and includes both the intention to abandon and the acts by which the intention is evidenced.
In Interest of B.G.C., 496 N.W.2d 239 (Iowa, 1992).