TAYLOR, J.
In this appeal by a minor child’s siblings from a trial court’s order denying their motion to set aside an adoption, the main issue is whether the siblings had standing to challenge the adoption. The trial court concluded that they did not. We agree and affirm the order denying the siblings’ motion to set aside the adoption.
In April 1997 the appellees filed a verified petition to adopt “J.K.L.” At the time, J.K.L. had been living in foster care with appellees for most of her 4$ years. She was first placed in appellees’ home when she was four days old due to her natural mother’s drug problems. Although the mother resumed the care and custody of -'J.K.L. for brief periods, each time the mother relapsed into drug dependency, the mother or maternal grandmother requested appellees to take J.K.L. back. In June 1994 the court granted temporary legal custody to appellees, with whom J.K.L. remained until the time of the adoption hearing in November 1997.
During the period from June 1994 and November 1997, the court held numerous dependency and mediation proceedings and reviewed reports submitted by the guardian ad litem and social workers that J.K.L. was doing well and thriving in ap-pellees’ care. Although mediation orders provided for visitation between J.K.L. and her siblings, mother, and grandmother, such contacts were minimal. In January 1997 the mother died.
The putative father, who had not visited or supported the minor child since birth, could not be found prior to or during the November 1997 hearing, despite diligent efforts by appellees and the Department of Children and Families to locate him. He was served by publication. The maternal grandmother attended the adoption/termination hearing with counsel and participated in the hearing. She had custody of J.K.L.’s brother and had cared for him since his birth. J.KL.’s other sibling lived in Dade County with a maternal aunt. Both placements were pursuant to a Palm Beach County dependency ruling. At the hearing the maternal grandmother requested the trial court to allow her and the siblings to have visitation with J.K.L. after the adoption. The court reserved jurisdiction to determine whether or not it had *755 authority to award visitation to the maternal grandmother and the siblings.
On March 23, 1998, the trial court issued a final order granting the adoption and terminating the father’s parental rights. On April 21, 1998, the putative father appealed from the final adoption order, arguing that the St. Lucie circuit court lacked jurisdiction to proceed with the adoption because of an ongoing earlier filed dependency action in Palm Beach County, and, alternatively, because he was not properly served with notice of the adoption proceedings. Four months later, a suggestion of the putative father’s death was filed. This court dismissed the deceased father’s appeal as moot and denied the siblings’ motion to relinquish jurisdiction for the appointment of appellate counsel for the purpose of intervening in the father’s appeal.
Following the dismissal of the father’s appeal, the siblings moved to set aside the order granting the adoption, relying upon the arguments made by the father before his death rendered his appeal moot. Ap-pellees objected to the motion on standing grounds. The trial court ruled that the siblings lacked standing to contest the adoption, and, alternatively found that removing the child from her adoptive home would not be in her best interest. On the standing issue, the trial court stated:
Section 63.062, Florida Statutes, sets out the requirements for who may be required to consent to an adoption. A sibling’s consent is not required. Rule 1.230, Fla. R. Civ. P. permits anyone claiming an interest in pending litigation to assert a right by intervention. The interest must be direct and immediate. A showing of indirect, inconsequential or contingent interest is wholly inadequate. A sibling, thus, does not have standing to contest an adoption. See also J.R. and A.R. v. R.M. and S.M., 679 So.2d 64 (Fla. 4th DCA 1996) where a parent whose parental rights have been terminated has no standing to contest. Unlike In re Adoption of a Minor Child, the siblings have not acquired a legal interest in maintaining a relationship with the child based upon a prior court order. In Re: at 593 So.2d 185 (Fla.1991).
We find no error in the trial court’s conclusion that the minor child’s siblings lacked standing to contest the adoption. The court reasoned that the siblings’ consent to the adoption was not required under the adoption statute and properly determined that the minor child’s siblings did not establish the requisite interest to permit their intervention into the adoption proceedings. Florida Rule of Civil Procedure 1.230 provides that “[ajnyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention.... ” In Stefanos v. Rivera-Berrios, 673 So.2d 12, 13 (Fla.1996), the Florida Supreme Court applied the intervention rule to adoption proceedings, stating:
Generally, the interest which entitles a person to intervene must be shown to be in the matter in litigation. The interest must be direct and immediate and the intervenor must show that he or she will gain or lose by the direct legal operation and effect of the judgment. A showing of indirect, inconsequential or contingent interest is wholly inadequate.
In In re Adoption of a Minor Child, 593 So.2d 185 (Fla. 1991), the supreme court found that the grandparents seeking to intervene to set aside an adoption judgment were legally interested parties. The court ruled that the grandparents acquired their legal interest under a New Jersey court order awarding them visitation rights. In this case, the siblings argue that section 63.022(1), Florida Statutes, confers legal status on them in that it sets forth the Legislature’s intent to “maintain sibling groups.”[1] However, the *756 first district rejected such interpretation of the statute, finding that the legislative statement in section 63.022 was a general statement of intent to guide HRS, not a standing provision. See Florida Dep’t of Health and Rehabilitative Services v. Doe, 659 So.2d 697 (Fla. 1st DCA 1995), rev. denied, 668 So.2d 602 (Fla.1996).
In Doe, the appellate court quashed an intervention order entered by the trial court and held that a couple was not entitled to intervene in an adoption proceeding that involved the half sibling of their adopted child. The court found that because the children had never lived together, there was no sibling relationship to maintain. Similarly, in this case, the trial court found that the siblings, who had never lived together and rarely visited under a mediated visitation schedule, had not established a familial relationship sufficient to give them a direct legal interest for standing to intervene and set aside the adoption. Moreover, unlike the Doe inter-venors, the maternal grandmother, through whom the siblings brought this action, did not express a willingness to raise the three siblings together or adopt them.
With respect to the jurisdiction and service of process issues raised by the natural father before his death and adopted by the siblings as a basis for challenging the adoption, we find no merit in these points on appeal and affirm.
Finally, we find no error in the trial court’s determination that the best interests of the child did not favor setting aside the adoption. In its order, the court noted its obligation to enter orders it deems necessary and suitable to promote and protect the best interest of the child. Citing Simmons v. Pinkney, 587 So.2d 522 (Fla. 4th DCA 1991), Matter of Adoption of Doe, 543 So.2d 741 (Fla.1989), and Rushing v. Bosse, 652 So.2d 869 (Fla. 4th DCA 1995), the court determined that removing the minor child “from the home in which she has spent the majority of her life would clearly not be in her best interest.”
Before concluding, we note that the court expressed its concern that the siblings, who asserted a desire for visitation with the adopted minor, have an opportunity to get to know each other in the future. Given the adopted minor’s statutory right under section 63.0427 to “have the court consider the appropriateness of pos-tadoption communication or contact, including, but limited to, visits, letters and cards, or telephone calls, with his or her sibling who are not included in the petition for adoption,” we do not foreclose the opportunity of the adoption court to consider whether the child’s best interests will be served by future communication or contact with her siblings.
WARNER, C.J., concurs.
FARMER, J., concurring specially with opinion.

. Section 63.022(1), Florida Statutes (1997), provides that it is the intent of the Legislature to protect and promote the well-being of persons being adopted and their birth and' adop- *756 live parents and to provide to all children who can benefit by it a permanent family life, and, whenever possible, to maintain sibling groups. See also § 39.001 (k), Fla. Stat. .(1997) (providing that the Department should make every possible effort, when two or more children who are in the care or under the supervision of the Department are siblings, to place the siblings in the same home; in the event of permanent placement of the siblings, to place them in the same adoptive home or, if the siblings are separated, to keep them in contact with each other).