NANCY MEHAFFEY v. THEO MEHAFFEY.

196 So. 416
Division B
Opinion Filed May 21, 1940

*Douglas & Schad,* for Plaintiff in Error;

*Baxter & Clayton,* for Defendant in Error.

PER CURIAM.—In a decree dated June 7, 1938, granting a divorce to the wife, Nancy Mehaffey, the custody of the only child of the couple, a five-year-old son, was awarded to

the mother with the privilege of the father to have the child on Sundays until the further order of the court.

On November 10, 1938, upon petition filed by the father, Theo Mehaffey, and upon testimony taken before the court, the decree rendered contains the following:

"IT IS THEREUPON CONSIDERED, ORDERED, ADJUDGED AND DECREED that the decree of June 7, 1938, be and the same is hereby modified and that the custody and control of the minor child, Maxie Mehaffey, be and the same is hereby awarded the petitioner, Theo Mehaffey, so long as he shall live and reside in Alachua County, Florida, and so long as the mother of the said Theo Mehaffey shall make her home with him; and provided further that the said Nancy Mehaffey shall have the custody of the child for one day of each week, to-wit: Sunday, until the further order of this court."

Nancy Mehaffey appealed, and in effect contends that the evidence does not justify the award of the custody of the child to its father as against its mother, the main questions being the fitness of the mother to retain custody of the child and the fitness of the father to have such custody, the father's mother living with him to aid in the care of the five-year-old son of the divorced couple.

The welfare of the child is the prime objective of the law; and such welfare is to be determined by the chancellor subject to review on appeal or other authorized judicial procedure. Where the testimony upon the issues is taken before the chancellor, his findings thereon will not be disturbed unless error is clearly made to appear. As there is sufficient evidence to sustain the findings of the chancellor, the decree will not be reversed, the chancellor having the power and duty to make further orders as the proper custody, care and well-being of the child may require, to the end that the welfare of the child may be fully provided

for and preserved at all times. See Meadows v. Meadows, 78 Fla. 576, 83 So. 392; Mooty v. Mooty, 131 Fla. 151, 179 So. 155.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.