62 So.2d 907 (1953)
CONE
v.
CONE.
EVANS
v.
CONE.
Supreme Court of Florida, en Banc.
January 30, 1953.
Redfearn & Ferrell, Miami, for petitioner.
Roth & Williams, Miami, for respondent.
ROBERTS, Justice.
We here review, on certiorari, an order of the Chancellor below respecting the custody of children. The order in question *908 was entered as a modification of a decree previously entered by the Court in divorce proceedings instituted by Alice Evans Cone against Allen Michael Cone, who is the respondent here. By the former decree, which was entered on July 19, 1950, Alice Evans Cone was granted a divorce from the respondent and was also awarded the custody of the two minor children of the parties, Michael Bryan Cone and Tonia Roberta Cone, then aged 9 and 6, respectively. Two years later, on June 30, 1952, Alice Evans Cone was fatally injured in an automobile accident and died.
Thereupon, the respondent filed in the cause a petition for modification of the decree as to the custody of the children, setting forth the foregoing facts, and alleging that the children were now in the custody of the mother of Alice Evans Cone, Mrs. Lillian B. Evans, that the respondent was a fit and proper person to have the custody of the children, and that in view of the death of their mother, the care, custody and control of the children should now be granted to him. Mrs. Evans, who is the petitioner here, was permitted to intervene in the cause and sought on her part to have the custody of the children awarded to her.
The cause came on for hearing before the Chancellor, and an order modifying the former decree and awarding to the respondent the custody of the children was entered by him. It is this order which we here review on Mrs. Evans' petition for the writ of certiorari.
It is earnestly contended on behalf of the petitioner that the lower court had no jurisdiction to entertain a petition for modification of its former decree for the reasons (1) that the former decree did not expressly retain jurisdiction of the cause as to the custody of the children, and (2) that, in any event, the cause abated on the death of Alice Evans Cone, one of the parties thereto.
We do not understand the law of this state to be that jurisdiction to modify a divorce decree as to custody of the children of the divorced parties is dependent upon an express reservation in the decree of such jurisdiction. See Mehaffey v. Mehaffey, 143 Fla. 157, 196 So. 416; Meadows v. Meadows, 78 Fla. 576, 83 So. 392; Fisher v. Guidy, 106 Fla. 94, 142 So. 818; and Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 465. In the case last cited this court said: "It is undoubtedly the law of this state that the proper custody of a minor child of divorced parents is a proper subject for judicial consideration at any time by the court which granted the decree of divorce." This must be so, first, because of the rule that when chancery once acquires jurisdiction over a subject-matter it will continue to exercise that jurisdiction so long and so often as occasion shall require for the purpose of making its decree effective and of granting full and final relief in the premises; and, second, because of the well-recognized principle that, independent of statute, a court of chancery has inherent jurisdiction to control and protect infants and their property. Fisher v. Guidy, supra; Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253. So long, then, as the minor child is within the jurisdiction of the equity court, such court may exercise its continuing jurisdiction to modify its decree as to the custody of the child, even though jurisdiction was not expressly retained therein.
Nor can we sustain the petitioner's contention that jurisdiction to modify such decree as to the custody of the children has been lost on account of the death of one of the parties thereto. It is a well-settled principle of law that divorce proceedings abate upon the death of either of the parties; and, in reliance upon this general principle, it has been held by a great many of the courts passing upon the question that, upon the death of one of the parties divorced by a judicial decree, the court loses its jurisdiction to thereafter entertain a petition for modification of the decree as to the custody of the children. See Leclerc v. Leclerc, 85 N.H. 121, 155 A. 249, 74 A.L.R. 1348, and cases cited in that annotation. While this general principle is properly applied to abate divorce proceedings when the death of one of the parties occurs prior to the entry of a decree of divorce, it should be noted that it cannot be applied in all cases to defeat jurisdiction after a decree of divorce has *909 been entered. Thus, in Busch v. Busch, Fla., 62 So.2d 68, where a husband obtained a decree of divorce, the wife filed a notice of appeal from such decree, and the husband died prior to a determination of the appeal by this court, it was held that the appeal did not abate, even though the decree did not expressly adjudicate the property rights of the parties. The Busch case is not, of course, authoritative on the question of the jurisdiction of the court in the instant case, and is cited merely as an instance in which this court has refused to apply the principle under discussion after a divorce decree has been entered.
And we do not think, that in circumstances such as those of the instant case, the principle should be applied to defeat jurisdiction. Although decrees respecting the custody and support of the children of divorced parents are, ordinarily, concomitant to a decree of divorce, that portion of the decree respecting custody of the children stands on a different footing from that portion dissolving the bonds of matrimony. The latter is final, once the time for taking an appeal has expired; the former is, in a sense, interlocutory, and may be modified from time to time as the welfare of the children requires. The "divisible" quality of a decree of divorce which also adjudicates as to the custody and support of children was recognized by this court in Little v. Franklin, Fla., 40 So.2d 768, 769, wherein it was said, as to decrees respecting the custody of children, "* * not being final, [they] occupy a different status from those affecting divorces and property rights * * *."
It should also be noted that the complaint itself, when children are involved, invokes the jurisdiction of the court as to two separate and distinct matters; it invokes the jurisdiction of the court on the question of divorce, which jurisdiction is completely and finally exercised when a decree on such question is entered, and it also invokes the continuing jurisdiction of the court as to the welfare of the children, which jurisdiction is not completely exercised until the children reach their majority. Technically speaking, a cause might be entitled "Mary Jones versus John Jones;" but practically speaking, if the custody of minor children is in question, the cause could be additionally entitled "In re Susie and Johnny Jones, minor children of Mary and John Jones." And since the Chancellor's paramount concern is the welfare of the children, he is not even required to award custody to one or the other of the parents  for example, he may award custody to a grandmother, as in Pittman v. Pittman, 153 Fla. 434, 14 So.2d 671.
It is our opinion that the principle "divorce proceedings abate upon the death of one of the parties" has no application in the circumstances here present, and that the jurisdiction of the court invoked and continuing in the original cause is not affected by the death of the party in whose custody the children were placed by the former decree.
The order must, however, be quashed for another reason. While we are always reluctant to reverse an order relating to the custody of children where the Chancellor has heard the witnesses, we are compelled to do so when, as in this case, the evidence is compelling that the welfare of the children would be best served by so doing. The evidence shows that the father, who lives in Miami, maintains only a small efficiency apartment. While the father testified that he intended to obtain larger quarters if the custody of the children was awarded to him, there is no evidence as to the type of living quarters that he intends or will be able to obtain. On the other hand, Mrs. Evans, who lives in Leesburg, maintains a comfortable modern home with sufficient yard and garden space to give the children an opportunity to work and play therein. The father, who has a furniture repairing and refinishing business, in which he also sells unpainted furniture, would be required to entrust the children during the day to a maid, whereas the children would be under the supervision of Mrs. Evans and her sister, with whom she lives, at all times. It was also shown that during the time he has been with Mrs. Evans, the boy, now aged 11, has taken an active interest in church work and is an altar boy, whereas during the time the children lived with their father after the *910 divorce, their Sundays were spent in going to the beach or to the movies. The little girl, now aged 8, was shown to be nervous and high-strung. The children want to stay with Mrs. Evans, rather than go to their father; and, while this is not controlling, it is certainly entitled to special consideration in determining the question of custody. We think, then, that considering all the circumstances and, particularly, the ages of the children, their best interests would be served by awarding their custody to Mrs. Evans, for the present, with such provisions for visitation by the father and support money for the children as may to the Chancellor seem fitting and proper.
Accordingly, certiorari is granted and the order is quashed, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
HOBSON, C.J., and SEBRING, MATHEWS and DREW, JJ., concur.
TERRELL and THOMAS, JJ., not participating.