HENDRY, Judge.
This is an interlocutory appeal from an' order dated November 2, 1961, which denied plaintiff-father’s motion to dismiss defendant’s petition to amend the final decree of divorce, and also from a decree amending the final decree of divorce, which decree awarded custody of the minor children of the parties to this suit to the defendant-mother.
The record reveals that under the original final decree of divorce dated November 5, 1953, the circuit court for Dade County awarded plaintiff custody and control of the two minor children of the parties, with the provision that they be placed in the home and under the care of the parents of the plaintiff, J. C. Moses and Lillie Mae Moses, who resided in Polk County.
On September 29, 1961, the grandparents of the minor children filed a petition for adoption of these grandchildren in the circuit court of Polk County. Notice of the petition for adoption was served upon the defendant who has remarried and is now Martha O. Moses Tong and a resident of Dade County. The defendant filed her answer in the adoption proceedings objecting to the adoption of the children by their grandparents and requesting that the grandparents deliver the children to her. A few days prior to the filing of her answer in the adoption proceedings Martha O. Moses Tong served notice on the plaintiff of her petition in the circuit court of Dade County to amend the final decree of divorce. The circuit court had retained jurisdiction of the cause for the purpose of entering such orders as from time to time the circumstances required concerning the support, custody, welfare and maintenance of said minor children.
The circuit court for Dade County on October 27, 1961, denied a motion to dismiss filed by the plaintiff which challenged its jurisdiction of the cause by reason' of the pending adoption proceedings in the circuit court for Polk County. The circuit court of Dade County immediately proceeded to take *298 testimony on the defendant’s petition to amend the final decree by awarding the custody of the children to the defendant-mother. All the parties to the cause were present at the hearing hut only the defendant and her husband testified.
The circuit court for Dade County entered its amended final decree and provided therein that the plaintiff deliver the children to the defendant at the end of the school semester.
It is from this order amending the final decree of divorce and from the order denying plaintiff’s motion to dismiss that this interlocutory appeal is taken.
The primary question in this appeal is whether the circuit court of Dade County had jurisdiction to make an award of the custody of the children because of the pending adoption proceedings in the circuit court of Polk County which were instituted by the grandparents who were residents of that county and not made parties to the proceedings in the circuit court for Dade County.
The jurisdiction of the circuit court for Dade County was invoked by the plaintiff, Earl F. Moses, when he filed suit for divorce in Dade County in 1953. In its final decree of divorce the court reserved jurisdiction to make future orders affecting, inter alia, custody of the Moses’ minor children. A chancery court awarding custody has the power to modify a decree to control and protect infants at any time. Cone v. Cone, Fla.1953, 62 So.2d 907; Mehaffey v. Mehaffey, 143 Fla. 157, 196 So. 416; Frazier v. Frazier, 109 Fla. 164, 147 So. 464.
The appellant urges that the effect of the commencement of the adoption proceedings was to oust the circuit court of Dade County of jurisdiction to entertain proceedings relating to the custody of the minor children. We find this position to be without merit and must affirm the order appealed.
In the case of In re De Walt’s Adoption, Fla.App.1958, 101 So.2d 915, the court noted the relationship between control over custody orders made in connection with divorce proceedings and adoption proceedings pursuant to Chapter 72 of the Florida Statutes, F.S.A. In that case- the appellant in appealing from a final decree of adoption, contended that the court was without jurisdiction in the said adoption proceedings because of the retention of jurisdiction over prior custody orders entered in another county in connection with divorce proceedings in the other county.
The court in De Walt in quoting the Supreme Court of California, stated at page 917 of 101 So.2d:
“ ‘ * * * And, for these reasons, there is nothing in the point that the superior court or judge in Yolo county was without jurisdiction in the adoption proceedings by reason of the fact that the jurisdiction of the Santa Clara court in the action for divorce had first obtained. The jurisdiction of the judge of Yolo county was as exclusive and complete in the one instance as that of the superior court of Santa Clara in the other. The one was in no way dependent upon or subject to the other. Jjc % * > ’’
The mere filing of a petition for adoption pursuant to Chapter 72 of the Florida Statutes, F.S.A., cannot oust the circuit court of Dade County of jurisdiction over its custody orders which are recognized to be only temporary in nature. This should be so because we have often recognized that the fact that a court retains jurisdiction over its custodial orders does not prevent another court from entertaining adoption proceedings which are separate and distinct. Modacsi v. Taylor, Fla.App.1958, 104 So.2d 664; In re De Walt’s Adoption, supra.
Since jurisdiction to entertain adoption proceedings is unaffected by retention of control over prior custody orders entered by another court, we hold that a court’s control over its custody orders is equally unaffected by commencement of adoption *299 proceedings in another county. To hold otherwise, would be to disregard the distinct differences between final adoption decrees which are permanent in nature and custody decrees which are temporary and subject to constant revision.
It follows therefore that the order appealed be affirmed.
Affirmed.