256 So.2d 522 (1971)
Bette HEFFERNAN, Appellant,
v.
Jane H. GOLDMAN, Appellee.
No. 70-916.
District Court of Appeal of Florida, Fourth District.
September 9, 1971.
*523 Thomas S. Kirk Orlando, for appellant.
David W. Hedrick of Giles, Hedrick & Robinson, Orlando, for appellee.
OWEN, Judge.
Appellant filed in the circuit court a petition for writ of habeas corpus seeking custody of two of her minor children, Judith Anne Goldman and Laurie Lee Goldman, ages 14 and 12, respectively. These children had been in the actual custody of their natural father, Abe Goldman, since shortly after appellant and Abe Goldman were divorced in 1960, such custody being with appellant's consent even though she had been awarded custody by the divorce decree. Abe Goldman married appellee in December, 1969. Thereafter the children lived with their father and appellee until Abe Goldman's death in June 1970, after which they continued to remain in the custody of appellee. It was shortly thereafter that appellant brought this action.
After hearing the testimony offered on behalf of the parties, including that of the minor children indicating their desire to remain with their stepmother, the court awarded their custody to the appellee on the finding that such would serve the best interest of the children. Appellant was granted the right of visitation at all reasonable and proper times, and the judgment expressly retained jurisdiction in the court to enter further orders touching upon the custody of the minor children as might from time to time appear to be for their best interest and welfare.
The issue presented by appellant is whether the judgment is contrary to the law and the evidence. It is not contrary to law to award custody of minor children to one other than the natural parent when to do so would be for the best interest and welfare of the children. For example, see Eades v. Dorio, Fla.App. 1959, 113 So.2d 232. Nor is the judgment contrary to the evidence in this case. Without discussing the nature of the evidence, suffice it to say that it is such that the trial judge could have awarded custody to either appellant or appellee, and irrespective of for whom he decided there would be no clear showing that he abused his judicial discretion so as to warrant our overturning his decision. Grant v. Corbitt, Fla. 1957, 95 So.2d 25.
The judgment is affirmed.
REED, C.J., concurs.
CROSS, J., dissents, with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
In any child custody case, it is the welfare of the child which, in the final analysis, is the controlling principle to be observed. It is undisputed that the natural right of a parent "to enjoy the custody, fellowship, and companionship of his offspring" does not mean that under all circumstances the parent will be awarded the custody of his or her child against the claims of relatives or friends. Johnson v. Johnson, Fla.App. 1959, 114 So.2d 338, 341. However, in cases such as the instant one, involving natural parents as opposed to other persons, Florida courts have stated repeatedly that the rights of parents are not to be lightly regarded, and that only in rare instances should custody be awarded to others. E.g., Justice v. Van Eepoel, Fla. 1961, 132 So.2d 407, 409-410.
Generally, the persons to whom custody has been awarded other than the natural parent are close blood relatives of the child. *524 Here, however, the person awarded custody is not a grandparent, as in Eades v. Dorio, Fla.App. 1959, 113 So.2d 232, nor an uncle or aunt, as in Grant v. Corbitt, Fla. 1957, 95 So.2d 25. Respondent here is the childrens' stepmother, who had been their stepmother for only six months. In comparison with persons awarded custody in the cases referred to above, respondent may be characterized as a virtual stranger. The only instances in which Florida courts have granted stepparents custody as opposed to natural parents are those in which the natural parent has been found to have abandoned the child. See Browning v. Favreau, Fla. 1952, 60 So.2d 186, in which custody was granted to a stepfather of four years duration. Steets v. Gammarino, Fla. 1952, 59 So.2d 520.
Much is made of the fact that the children expressed a desire to remain with the stepmother. While the desires of the children, especially older children as here, are to be considered by the chancellor, such a factor is not controlling. E.g., In re Vermeulen's Petition, Fla.App. 1959, 114 So.2d 192, 196. The rights of a parent cannot be disregarded in order to gratify the mere wishes of a child, when the parent is a proper person to be intrusted with the custody. Foster v. Sharpe, Fla.App. 1959, 114 So.2d 373.
In Foster v. Sharpe, supra, arising on very similar facts, the court, while recognizing the broad area accorded the trial court in child custody and the heavy burden of an appellant seeking to have the trial court's determinations reversed, nevertheless found an abuse of discretion in awarding custody to the uncle and aunt of the child, where the mother was a fit person. The court stated:
"Inasmuch as it conclusively appears that Elaine's [the minor child's] mother is a fit and proper person to have the custody of her child and that such custody is consistent with the welfare of the child, it is necessary to reverse the order awarding custody of the child to the respondents. In this connection it should be noted that a finding by the trial judge that `it is in the best interest' of the child that she remain with her aunt and uncle is not equivalent to a finding that the ultimate welfare of the child requires that she be with the aunt and uncle. It is often true that parents may not be able to provide for their children as fully and completely as another may be able to provide. However, no parent could agree with a law which would demand that a parent must relinquish his or her right of custody to another person on the basis of superior material advantages."
The trial court's finding in the instant case concerning the "best interests of the children" is virtually identical with that of the trial court in Foster v. Sharpe, supra, at 375. I would therefore reverse the judgment and remand with directions to award custody to the natural mother of the children.