442 So.2d 330 (1983)
David GOLSTEIN, Appellant,
v.
Susan GOLSTEIN, Appellee.
No. 83-1745.
District Court of Appeal of Florida, Fourth District.
December 7, 1983.
Richard G. Bartmon of Anthony J. Schremin, P.A., Miami, for appellant.
Mary Rudd Robinson of Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellee.
LETTS, Judge.
A stepfather petitioned for custody of his stepson, but the trial court found it had no jurisdiction to consider the petition. We disagree and reverse.
It is true that the wording of Section 61.13(2)(b) of the Florida Statutes (1981), which refers to the "minor children of the parties," would not appear to envisage or encompass a stepfather absent adoption although the language does not specifically exclude him. However, whenever a minor child resides in this state, a circuit court has inherent jurisdiction to entertain matters pertaining to custody and enter any orders appropriate to that child's welfare. See Cone v. Cone, 62 So.2d 907 (Fla. 1953).
It is also true that the facts of the Cone case reveal involvement of a natural father, rather than a stepfather, yet the language employed in that opinion is overpowering in declaring that "independent of statute, a court of chancery has inherent jurisdiction to control and protect infants and their property." Id. at 908.
Furthermore, this very court in Heffernan v. Goldman, 256 So.2d 522 (Fla. 4th DCA 1971), upheld the award of custody of two minor children to a stepmother in preference to the natural mother. The Fifth District has likewise approved a custody award to a stepparent. Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981).
*331 We therefore reverse the order of the trial judge and remand for further proceedings.
REVERSED AND REMANDED.
BERANEK and HERSEY, JJ., concur.