## SIMMONS v PINKNEY

Case No. 89-7201 FB

Fifteenth Judicial Circuit, Palm Beach County

March 29, 1990

### OPINION OF THE COURT

JOHN D. WESSEL, Circuit Judge.

*ORDER DENYING PETITION FOR CUSTODY AND
GRANTING COUNTER PETITION FOR CUSTODY*

This matter came before the Court on the Petition of ELIJAH SIMMONS for the Custody of his minor child, CHERYL NICOLE SIMMONS.

The child, CHERYL NICOLE SIMMONS, has been residing with the respondent, ELLA PINKNEY, since the child was an infant. CHERYL NICOLE SIMMONS is presently fourteen (14) years of age.

The father, ELIJAH SIMMONS, is a well-educated, forty-four (44) year old gentleman, who is presently unemployed, but most recently was a dry wall manager. He received his Bachelor of Arts Degree from Talladega College.

When CHERYL NICOLE SIMMONS was a mere baby of one and one-half (1 1/2) years, ELIJAH SIMMONS killed ALICE SIMMONS, his wife, the natural mother of CHERYL NICOLE SIMMONS. The petitioner placed the minor child, CHERYL NICOLE SIMMONS, with the respondent, ELLA PINKNEY, and her husband, of that time. ELLA PINKNEY, since that time, raised CHERYL NICOLE SIMMONS, and provided shelter and care for her for the past thirteen (13) years.

The petitioner was incarcerated at the Department of Corrections for approximately ten (10) years. Upon his release he has gained several responsible positions of employment. Approximately one (1) year prior to the commencement of this action the petitioner sought, on an informal basis, to obtain the custody of his daughter, CHERYL NICOLE SIMMONS, by a request to ELLA PINKNEY. The request was denied and the petitioner, ELIJAH SIMMONS, commenced this action on the basis that he has a natural biological right as the father of CHERYL NICOLE SIMMONS, to the custody of his daughter.

The petitioner has a guarded narcissistic personality which communicates very little to relatives or third parties. The relationship of the petitioner with the minor child, CHERYL NICOLE SIMMONS, has been guarded and dictatorial.

The respondent, ELLA PINKNEY, is fifty-five (55) years old. She has raised the minor child, CHERYL NICOLE SIMMONS, since the child was left with her on the evening of the murder of ALICE SIMMONS. She has cared for her, given her shelter, and has provided her an excellent education. ELLA PINKNEY has been supportive of CHERYL NICOLE SIMMONS, in all of her endeavors. There has been established between ELLA PINKNEY and CHERYL NICOLE SIMMONS, a strong bonding based upon the emotional and social support which ELLA PINKNEY has given to CHERYL NICOLE SIMMONS, during the course of their relationship. Although there are some defects in the personality of ELLA PINKNEY, and she also has a difficult time communicating, it has had no adverse affect in the relationship with CHERYL NICOLE SIMMONS.

CHERYL NICOLE SIMMONS has developed into a very intelligent, bright young lady. She has excelled in school and with the support of ELLA PINKNEY, has developed a well-rounded personal-

202

ity and achievement level. Although she expresses some interest in establishing a relationship with her father, she affirmatively expresses her desire to live with ELLA PINKNEY, and feels her father, ELIJAH SIMMONS, has not been honest in his relationship with her, especially regarding his candor concerning her mother, the deceased ALICE SIMMONS.

The evidence indicates during the ten (10) year period ELIJAH SIMMONS was incarcerated, the PINKNEYS attempted to establish a relationship with ELIJAH SIMMONS. However, his aloftness and guarded behavior did not permit an ongoing relationship, which was ultimately terminated.

The child has developed a strong emotional and social bonding to ELLA PINKNEY and strongly prefers ELLA PINKNEY to be her custodian.

The social investigation and psychological reports which have been received by the Court in this case, indicate that a change in custody of the minor child, CHERYL NICOLE SIMMONS, to the father, would have a disasterous emotional affect upon the child. They further recommend family counselling be conducted between the father, daughter and ELLA PINKNEY.

The jurisdiction of the Circuit Court to award custody of a minor child to a non-parent, over the competing interest of a natural parent, is rare in the State of Florida. In *Cone v Cone*, 62 So.2d 907 (Fla. 1953), the court, in relying upon the inherent jurisdiction of a court of chancery, granted that status to a grandparent, over a child's natural father.

The Fourth District Court of Appeal has had two (2) opportunities to address this issue in *Heffernan v Goldman*, 256 So. 2d 522 (Fla. 4th DCA 1971) and *Golstein v Golstein*, 442 So.2d 330 (Fla. 4th DCA 1983). In both *Heffernan* and *Golstein* the Court seemed fit to find chancery jurisdiction to award a minor child to one other than a natural parent. Citing as its authority *Cone*, regarding the principal of the best interest of the child. In 1988 the Fourth District Court of Appeal took a different approach in *Schilling v Wood*, 532 So.2d 12 (Fla. 4th DCA 1988), recommending that the case be transferred to a Chapter 39 proceeding, for dependency, when the grandparents lacked standing to initiate the proceeding.

This Court concludes with *Cone, Jeffernan* and *Golstein* that it has the inherent jurisdiction to decide the issues before this Court on the Petition of ELIJAH SIMMONS, and the custodian, ELLA PINK-NEY.

The standard which this Court applies is that standard enunciated in the recent Supreme Court case of *In Re Guardianship of D.A. McW.,* 460 So.2d 368 (Fla. 1984). In that case the Supreme Court opined the fundamental concept roots in early common law that a natural parent has the right in the preservation of the natural family unit to a child born of natural parents, except when such custody should be determined to be detrimental to the welfare of a natural child. Also see *In Re: Guardianship of D.A. McW.,* 429 So.2d 699 (Fla. 4th DCA 1983).

Applying these principles to the case before this Court, this Court concludes, based upon all the evidence presented, it would in fact be detrimental to the best interest of CHERYL NICOLE SIMMONS, for custody to be placed with her natural father for the reasons indicated previously, that she has lived with ELLA PINKNEY for almost thirteen (13) years; she has developed a strong emotional and social bond to ELLA PINKNEY; she has prospered in her physical and educational well being under ELLA PINKNEY; she has a resentment and a fear of her father, ELIJAH SIMMONS; ELIJAH SIMMONS' guarded non-communicative personality causes CHERYL NICOLE SIMMONS to fear him; that a change in her custody would disrupt her family and social life and her educational opportunities; and that the lack of interest of her father has demonstrated - beyond doubt - the best interest of the child would not be the primary concern of the father, ELIJAH SIMMONS. For these reasons this Court concludes the custody of the minor child, CHERYL NICOLE SIMMONS, should remain with ELLA PINKNEY, otherwise a change in custody would be detrimental to the child, CHERYL NICOLE SIMMONS. Accordingly, it is hereby

ORDERED AND ADJUDGED:

1. The Petition for Custody on behalf of ELIJAH SIMMONS, for the minor child, CHERYL NICOLE SIMMONS, is hereby denied.

2. The Counter Petition for Custody of the minor child, CHERYL NICOLE SIMMONS, is hereby granted.

3. The parties shall hereby be required to obtain counselling through the Parent Child Study Center.

4. This Court will enter an Order appointing a Guardian ad Litem for the purpose of establishing a program of family counselling between ELIJAH SIMMONS, CHERYL NICOLE SIMMONS and ELLA PINKNEY.

5. Each of the parties shall bear their own costs and attorney fees.

6. The father, ELIJAH SIMMONS, shall have reasonable visitation privileges as determined by the parties.

7. This Court reserves jurisdiction for the purpose of all issues concerning child custody, child visitation and family counseling.

3/29/90