587 So.2d 522 (1991)
Elijah SIMMONS, Appellant,
v.
Ella PINKNEY, Appellee.
No. 90-1132.
District Court of Appeal of Florida, Fourth District.
September 25, 1991.
Rehearing and Rehearing Denied November 12, 1991.
*523 William M. Holland, West Palm Beach, for appellant.
No appearance for appellee.
Rehearing and Rehearing En Banc Denied November 12, 1991.
PER CURIAM.
We affirm the judgment of the trial court and conclude that the court correctly applied the law set out in In re Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984), and we find substantial competent evidence in the record to support the court's factual findings. We approve the order which provides:
"This matter came before the Court on the Petition of ELIJAH SIMMONS for the Custody of his minor child, CHERYL NICOLE SIMMONS.
"The child, CHERYL NICOLE SIMMONS, has been residing with the respondent, ELLA PINKNEY, since the child was an infant. CHERYL NICOLE SIMMONS, is presently fourteen (14) years of age.
"The father, ELIJAH SIMMONS, is a well-educated, forty-four (44) year old gentleman, who is presently unemployed, but most recently was a dry wall manager. He received his Bachelor of Arts Degree from Talladega College.
"When CHERYL NICOLE SIMMONS was a mere baby of one and one-half (1 1/2) years, ELIJAH SIMMONS killed ALICE SIMMONS, his wife, the natural mother of CHERYL NICOLE SIMMONS. The petitioner placed the minor child, CHERYL NICOLE SIMMONS, with the respondent, ELLA PINKNEY, and her husband, of that time. ELLA PINKNEY, since that time, raised CHERYL NICOLE SIMMONS, and provided shelter and care for her for the past thirteen (13) years.
"The petitioner was incarcerated at the Department of Corrections for approximately ten (10) years. Upon his release he has gained several responsible positions of employment. Approximately one (1) year prior to the commencement of this action the petitioner sought, on an informal basis, to obtain the custody of his daughter, CHERYL NICOLE SIMMONS, by a request to ELLA PINKNEY. The request was denied and the petitioner, ELIJAH SIMMONS, commenced this action on the basis that he has a natural biological right as the father of CHERYL NICOLE SIMMONS, to the custody of his daughter.
"The petitioner has a guarded narcissistic personality which communicates very little to relatives or third parties. The relationship of the petitioner with the minor child, CHERYL NICOLE SIMMONS, has been guarded and dictatorial.
"The respondent, ELLA PINKNEY, is fifty-five (55) years old. She has raised the minor child, CHERYL NICOLE SIMMONS, since the child was left with her on the evening of the murder of ALICE SIMMONS. She has cared for her, given her shelter, and has provided her an excellent education. ELLA PINKNEY has been supportative (sic) of CHERYL NICOLE SIMMONS, in all of her endeavors. There has been established between ELLA PINKNEY and CHERYL NICOLE SIMMONS, a strong bonding based upon the emotional and social support which ELLA PINKNEY has given to CHERYL NICOLE SIMMONS, during the course of their relationship. Although there are some defects in the personality of ELLA PINKNEY, and she also has a difficult time communicating, it has had no adverse affect in the relationship with CHERYL NICOLE SIMMONS.
"CHERYL NICOLE SIMMONS has developed into a very intelligent, bright young lady. She has excelled in school and with the support of ELLA PINKNEY, has developed a well-rounded personality and achievement level. Although she expresses some interest in establishing a relationship with her father, she affirmatively expresses her desire to live with ELLA PINKNEY, and feels her father, ELIJAH SIMMONS, has not been honest in his relationship with her, especially regarding his candor concerning her mother, the deceased ALICE SIMMONS.
*524 "The evidence indicates during the ten (10) year period ELIJAH SIMMONS was incarcerated, the PINKNEYS attempted to establish a relationship with ELIJAH SIMMONS. However, his aloftness (sic) and guarded behavior did not permit an ongoing relationship, which was ultimately terminated.
"The child has developed a strong emotional and social bonding to ELLA PINKNEY and strongly prefers ELLA PINKNEY to be her custodian.
"The social investigation and psychological reports which have been received by the Court in this case, indicate that a change in custody of the minor child, CHERYL NICOLE SIMMONS, to the father, would have a disasterous (sic) emotional affect upon the child. They further recommend family counselling be conducted between the father, daughter and ELLA PINKNEY.
"The jurisdiction of the Circuit Court to award custody of a minor child to a nonparent, over the competing interest of a natural parent, is rare in the State of Florida. In Cone v. Cone, 62 So.2d 907 (Fla. 1953), the court, in relying upon the inherent jurisdiction of a court of chancery, granted that status to a grandparent, over a child's natural father.
"The Fourth District Court of Appeal has had two (2) opportunities to address this issue in Heffernan v. Goldman, 256 So.2d 522 (Fla. 4th DCA 1971) and Golstein v. Golstein, 442 So.2d 330 (Fla. 4th DCA 1983). In both Heffernan and Golstein the Court seemed fit to find chancery jurisdiction to award a minor child to one other that a natural parent. Citing as its authority Cone, regarding the principal of the best interest of the child. In 1988 the Fourth District Court of Appeal took a different approach in Shilling [Schilling] v. Wood, 532 So.2d 12 (Fla. 4th DCA 1988), recommending that the case be transferred to a Chapter 39 proceeding, for dependency, when the grandparents lacked standing to initiate the proceeding.
"This court concludes [based on] Cone, Heffernan and Golstein that it has the inherent jurisdiction to decide the issues before this Court on the Petition of ELIJAH SIMMONS, and the custodian, ELLA PINKNEY.
"The standard which this Court applies is that standard enunciated in the recent Supreme Court case of In Re Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984). In that case the Supreme Court opined the fundamental concept roots in early common law that a natural parent has the right in the preservation of the natural family unit to a child born of natural parents, except when such custody should be determined to be detrimental to the welfare of a natural child. Also see In Re: Guardianship of D.A. McW., 429 So.2d 699 (Fla. 4th DCA 1983).
"Applying these principles to the case before this Court, this Court concludes, based upon all the evidence presented, it would in fact be detrimental to the best interest of CHERYL NICOLE SIMMONS, for custody to be placed with her natural father for the reasons indicated previously, that she has lived with ELLA PINKNEY for almost thirteen (13) years; she has developed a strong and emotional and social bond to ELLA PINKNEY; she has prospered in her physical and educational well being under ELLA PINKNEY; she has a resentment and a fear of her father, ELIJAH SIMMONS; ELIJAH SIMMONS' guarded non-communicative personality causes CHERYL NICOLE SIMMONS to fear him; that a change in her custody would disrupt her family and social life and her educational opportunities; and that the lack of interest of her father has demonstrated  beyond doubt  the best interest of the child would not be the primary concern of the father, ELIJAH SIMMONS. For these reasons this Court concludes the custody of the minor child, CHERYL NICOLE SIMMONS, should remain with ELLA PINKNEY, otherwise a change is (sic) custody would be detrimental to the child, CHERYL NICOLE SIMMONS.

"ORDERED AND ADJUDGED:
"1. The petition for custody on behalf of ELIJAH SIMMONS, for the minor child, CHERYL NICOLE SIMMONS, is hereby DENIED.
*525 "2. The Counter Petition for Custody of the minor child, CHERYL NICOLE SIMMONS, is hereby GRANTED.
"3. The parties shall hereby be required to obtain counselling through the Parent Child Study Center.
"4. This Court will enter an Order appointing a Guardian ad Litem for the purpose of establishing a program of family counselling between ELIJAH SIMMONS, CHERYL NICOLE SIMMONS and ELLA PINKNEY.
"5. Each of the parties shall bear their own costs and attorney (sic) fees.
"6. The father, ELIJAH SIMMONS, shall have reasonable visitation privileges as determined by the parties.
"7. This Court reserves jurisdiction for the purpose of all issues concerning child custody, child visitation and family counselling."
ANSTEAD and WARNER, JJ., concur.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
The issue directly and inescapably presented by this appeal  whether a natural father who is found neither unfit nor disabled can be denied custody of his 14-year old daughter in favor of a stranger  has been thoroughly and fairly dealt with by the trial judge. I agree that we must affirm his decision. In doing so, I feel compelled to state briefly why a result that may seem so wrong to some must be upheld in this case, especially in view of the absence of any brief from the appellee.
For me, the fact that the appellant-father shot and killed the child's natural mother does not decide the issue. He has paid that debt in the sense that he has suffered the full penalty the law imposes for his crime. The necessary loss of custody of his natural children after his penal debt has been discharged is not among the penalties fixed by law. Nor does it mean that he should never be considered for custody or that his application for it should be balanced against him. It is solely the best interests of the child that should decide the issue.
The child's age and long period of residence with the guardian weigh strongly in favor of the trial judge's decision. As appellate judges, we cannot look into the eyes of the child or father; we cannot hear their voices as they speak their answers; we cannot note their demeanors, their attitudes, their expressions, their individual manifestations of sincerity, emphasis, determination and the like.
But the trial judge could. The mere fact that we might have decided differently than he did if we had heard and seen all of those things is not a proper basis for us to set aside his decision. I thus join in the affirmance in this very difficult case.