635 So.2d 134 (1994)
In the Interest of J.M.Z., A Child.
No. 93-2675.
District Court of Appeal of Florida, First District.
April 13, 1994.
W. Douglas White of Northwest Florida Legal Services, Pensacola, for appellant.
Laura E. Keene of Beroset & Keene, Pensacola, for appellee.
Amicus Brief: Family/Juvenile/Education Workgroup of Florida Legal Services, Inc.: Maureen Chiofalo of Gulfcoast Legal Services, Inc.; Michelle Hankey of Legal Aid Soc. of Palm Beach County; Donna MacRae of Three Rivers Legal Services; Deborah A. Schroth of Jacksonville Area Legal Aid; and Deborah M. Weissman of Bay Area Legal Services, Inc.
ERVIN, Judge.
The natural parents of J.M.Z. appeal a final order, entered pursuant to section 61.13(7), Florida Statutes (1993),[1] designating the paternal grandmother the primary custodian of J.M.Z. They argue that section 61.13(7) does not create an independent cause of action for custody on behalf of the grandmother. We agree, reverse and remand with directions.
J.M.Z., born on June 30, 1988, lived in an extended-family unit at her grandparents' Pennsylvania farm where, for a portion of the time, the parents also resided. Out of necessity, the parents moved frequently in order to obtain work, and temporary arrangements were made which resulted in the child residing in her grandparents' home for at least four of her five years. The parents, however, never overtly agreed to J.M.Z. staying with her grandmother on anything other than a temporary basis.
In the latter part of 1991, the child's parents moved to North Carolina for employment *135 and left the child with the grandmother for an extended visit. In October 1992, the grandmother relocated to Pensacola, taking J.M.Z. with her, and commenced an action for non-parental custody, pursuant to both chapter 39 and section 61.13(7), Florida Statutes.
Regarding the chapter 39 claim, the trial court found the grandmother had failed to establish by clear and convincing evidence that the child was dependent, as there was no evidence (1) that the parents had abused, abandoned or neglected J.M.Z., (2) that the parents were unfit, or (3) that the placement of J.M.Z. in her parents' custody would be detrimental to her welfare. Consequently, the court denied the grandmother's custody petition pursuant to chapter 39, but granted it under section 61.13(7), ruling that the award of custody to the grandparent was in the child's best interest.
We find nothing in section 61.13, or, for that matter, any other provision within chapter 61, Florida Statutes, affording a child's grandparents the right to commence an independent action for custody. Although Schilling v. Wood, 532 So.2d 12 (Fla. 4th DCA 1988), was decided before the adoption of section 61.13(7), we consider its reasoning highly persuasive. Schilling held that a child's grandparents lacked standing to initiate a custody proceeding against their grandchild's father, who had not legally surrendered custody of the child, in a case wherein neither a chapter 61 dissolution nor a chapter 39 dependency proceeding had been initiated. Id. at 14. There is nothing in the subsequent enactment of section 61.13(7) compelling a different result. It is our view that subsection (7) merely grants standing to the grandparents to intervene in an existing chapter 61 proceeding for the purpose of determining custody of the minor child. Therefore, once the court below decided that J.M.Z. was not a dependent child, as defined in chapter 39, the grandmother lacked standing to continue her claim for custody.
In so concluding, we note that the stated purposes behind the enactment of chapter 61 are (a) preserving the integrity of marriage and safeguarding meaningful family relationships, (b) promoting amicable settlements or disputes that arise between parties to a marriage, and (c) mitigating potential harm to spouses and their children caused by the process of legal dissolution. § 61.001(2), Fla. Stat. (1991). Although we understand that this chapter is to be construed liberally,[2] the explicit purposes do not encompass independent actions brought by grandparents to gain permanent custody of children over the parents' objections.
REVERSED and REMANDED with directions that the order entered be vacated.[3]
MICKLE and DAVIS, JJ., concur.
NOTES
[1] Section 61.13(7) provides:

In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child.
No one has argued that the provisions of section 61.13(7) are inapplicable to the case at bar on the ground that they did not become effective until after the custody petition was filed.
[2] § 61.001(1), Fla. Stat. (1991).
[3] Based on our disposition of the above issue, we decline to consider the constitutional challenge raised by the child's parents.