673 So.2d 111 (1996)
Maria ANDERSON and Stanley Anderson, Appellants,
v.
Heriberto GARCIA, Appellee.
No. 95-1852.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
Ellen M. Goodstein of Legal Aid Society of Palm Beach County, Inc., West Palm Beach, for appellants.
No appearance for appellee.
STONE, Judge.
We reverse an order denying the grandparent-Appellants' motion to intervene, filed under section 61.13(7), Florida Statutes (1993), and remand for a hearing to determine Appellants' standing to pursue custody of their minor grandchild.
In 1992, Appellee and Appellants' daughter, Gina, were divorced. Pursuant to the divorce decree, primary physical residence of their child was awarded to the mother. In January 1994, Appellee filed a petition with the lower court to remove Gina as the child's primary custodial parent. However, before the petition could be evaluated, Gina was murdered. Appellants then moved to intervene in the custody action pursuant to section 61.13(7), which grants standing to grandparents "[i]n any case where the child is actually residing with the grandparents in a stable relationship...." Relying on our decision in Schilling v. Wood, 532 So.2d 12 (Fla. 4th DCA 1988), Appellants' motion to intervene was denied, resulting in Appellee obtaining permanent custody of the child.
In Schilling, we stated that "[g]randparents lack standing to initiate a custody action *112 against a child's parents who legally have not given up custody of the child where such custody is sought in the absence of a Chapter 61 dissolution of marriage proceeding or a Chapter 39 dependency action." Id. at 14. See also In the Interest of J.M.Z., 635 So.2d 134 (Fla. 1st DCA 1994) (chapter 61 does not afford grandparents the right to commence an independent cause of action). Here, however, the grandparents have not initiated an independent proceeding. Gina's death does not terminate the chapter 61 dissolution proceeding to the extent of the court's jurisdiction over the child.
The supreme court, in Cone v. Cone, 62 So.2d 907 (Fla.1953), while acknowledging the general principle that divorce proceedings abate upon the death of either party, stated that:
the complaint itself, when children are involved, invokes the jurisdiction of the court as to two separate and distinct matters; it invokes the jurisdiction of the court on the question of divorce, which jurisdiction is completely and finally exercised when a decree on such question is entered, and it also invokes the continuing jurisdiction of the court as to the welfare of the children, which jurisdiction is not completely exercised until the children reach their majority.
Id. at 909. The court further held that "the jurisdiction of the court invoked and continuing in the original cause is not affected by the death of the party in whose custody the children were placed by the former decree." Id. See also S.G. v. G.G., 666 So.2d 203 (Fla. 2d DCA 1995) (trial court in dissolution action retains continuing jurisdiction to enter orders affecting the children's custody and best interests during their continuing disability).
Applying Cone to the instant case, although Gina's death may have terminated the court's jurisdiction with regards to the chapter 61 dissolution action, the court nonetheless retained continuing jurisdiction over their child. As such, the existence of an ongoing chapter 61 action provided a basis for Appellants' motion to intervene under section 61.13(7).
We note that section 61.13(7) does not provide per se standing to all grandparents seeking to affect their grandchildren's custody arrangements. On remand, Appellants still have the burden of demonstrating that they meet the requirements of section 61.13(7) before pursuing their custody claims.
GLICKSTEIN and GROSS, JJ., concur.