675 So.2d 216 (1996)
Anne Marie RUSSO and Peter Russo, Appellants,
v.
Humberto Trias BURGOS, Appellee.
No. 95-3812.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Rehearing and Reconsideration Denied June 14, 1996.
Kevin F. Richardson of Clyatt & Richardson, P.A., West Palm Beach, for appellants.
*217 Gary S. Israel of Gary S. Israel, P.A., West Palm Beach, for appellee.
KLEIN, Judge.
Appellants are the maternal grandparents of a two-year-old child who has been living with them since her birth. The child's mother is deceased. Appellee, who was not married to the mother, alleges he is the father. He filed a petition for custody, and the grandparents counterpetitioned. They bring this appeal from an order dismissing their counterpetition with prejudice, and we reverse.
The grandparents' counterpetition for custody is based on section 61.13(7), Florida Statutes (1993), which provides:
In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child.
The father argues that the grandparents do not have standing to proceed under chapter 61, and are relegated to bringing a chapter 39 dependency proceeding, based on In re the Interest of J.M.Z., 635 So.2d 134 (Fla. 1st DCA 1994). In J.M.Z. the child had been living with the grandparents and at times the parents were also living there. After the parents went out of state for employment and left the child with the grandmother, the grandmother commenced an action for custody pursuant to both chapter 39 and section 61.13(7). The court found that the grandmother did not prove her claim under chapter 39 by clear and convincing evidence, but did award her custody under section 61.13(7) because it was in the child's best interest.[1]
The first district reversed, concluding that section 61.13(7) does not authorize a grandparent to bring an independent action for custody, but "merely grants standing to the grandparents to intervene in an existing chapter 61 proceeding for the purpose of determining custody of the minor child." 635 So.2d at 135. In the present case the father had already instituted a chapter 61 proceeding for determining custody. Therefore J.M.Z. supports the grandparents' claim that they do have standing to bring their counterpetition.
The father also cites Schilling v. Wood, 532 So.2d 12 (Fla. 4th DCA 1988), in which we held that grandparents lack standing to initiate a custody action against the child's parents; however, Schilling was decided before section 61.13(7) was enacted in 1993.
The second district has authorized intervention by a grandparent with whom the child has been residing even where there was no pending proceeding. In S.G. v. G.G., 666 So.2d 203 (Fla. 2d DCA 1995), the court held that because the circuit court had previously determined custody of the child in the parent's dissolution action, and thus had continuing jurisdiction to enter orders in the child's best interest, there was a sufficient basis for the grandparent to seek custody in that court. See also Anderson v. Garcia, 673 So.2d 111 (Fla. 4th DCA 1996).
In view of the father's petition in this case, the grandparents have standing to seek custody under section 61.13(7), and we therefore reverse and remand for further proceedings.
PARIENTE and STEVENSON, JJ., concur.
NOTES
[1] A chapter 39 proceeding requires proof by clear and convincing evidence that a parent is "unfit," but a proceeding under chapter 61 only requires proof by a preponderance of the evidence that a custody decision be in the best interest of the child.