688 So.2d 1031 (1997)
Matthew BILBO, Appellant,
v.
Alane Marie BILBO, Appellee.
No. 96-1863.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
Carole S. Bess, Cocoa, for Appellant.
No appearance for Appellee.
W. SHARP, Judge.
Matthew Bilbo, the former husband, appeals from the trial court's dismissal of his petition for modification, filed in November of 1995, in which he requested visitation be provided for him with his minor daughter, Nataasha. We reverse.
The parties' marriage was dissolved in 1985, and the final decree made no provision for child support or visitation. At that time, Matthew did not know where his former wife and daughter were. The final decree was rendered in Brevard County, Florida. It did not in any way terminate Matthew's parental rights to Nataasha.
In 1994, Matthew discovered that his former wife, Alane, and Nataasha were living in Brevard County. He filed a petition in Brevard *1032 County to obtain visitation, and Alane counterpetitioned for child support. Initially, the trial court granted Matthew's request for limited visitation and counseling because of the long separation of parent from child. Subsequently, Alane moved to dismiss for lack of subject matter jurisdiction, and the trial court granted the motion.
Apparently, the trial court determined it lacked jurisdiction because the initial judgment did not expressly reserve jurisdiction to modify the final judgment of dissolution as to visitation. However, a circuit court's jurisdiction to modify a dissolution decree as to custody and visitation of minor children does not depend on an express reservation of jurisdiction in the decree. Cone v. Cone, 62 So.2d 907 (Fla. 1953). A circuit court has inherent jurisdiction to control the welfare and act for the protection of minors within its territorial jurisdiction although its power to modify a dissolution decree may turn on subject matter jurisdictional requirements set forth in the UCCJA. Id.; § 61.13(2)(b)(1); § 61.1308, Fla.Stat. (1995). None of those factors is missing in this case since a Florida court originally rendered the dissolution decree, and Florida is the home state of this child. Further, venue is also proper in Brevard County. § 47.011, Fla.Stat.(1995).
We conclude that the circuit court for Brevard County clearly has jurisdiction to hear and determine Matthew's petition for modification. Cone; Waters v. Waters, 578 So.2d 874 (Fla. 2d DCA 1991).
REVERSE and REMAND.
DAUKSCH and GOSHORN, JJ., concur.