WARNER, Judge.
Petitioners/parents petition for a writ of prohibition to prevent the trial court from continuing to entertain the respondent/grandmother’s cause of action in which she seeks appointment as the primary residential parent of her granddaughter, Britta *617 ny. Because we find no statutory authority for allowing a grandparent to seek custody of a grandchild outside of an action filed pursuant to Chapter 39 or Chapter 61, Florida Statutes (1995), we grant the writ.
In April of 1996, the respondent filed a verified petition for grandparent’s visitation and other relief, pursuant to section 752.01, Florida Statutes (1995). At that time, the petitioners did not have any past or pending proceedings for custody or parental rights under Chapter 61, even though they had a troubled marriage and separated frequently. On October 21, 1996, during one of the petitioners’ separations, the trial court entered a final judgment of grandparent’s visitation rights, based upon the respondent’s and petitioners’ agreed visitation schedule regarding the petitioners’ two children.
One month later, the respondent filed an emergency motion for temporary custody of Brittany following an incident that occurred at the mother and children’s residence. During this incident, the mother was shot and her son, Brandon, was killed as a result of gunfire. Due to the mother’s hospitalization for her injuries, the trial court granted the respondent’s motion.
Shortly after the shooting, the petitioners reconciled and began attending counseling. In December, the petitioners filed a motion to vacate the order awarding the respondent temporary custody of Brittany. The respondent then filed a petition for permanent residential custody, pursuant to section 61.13(7), Florida Statutes (1995). At a preliminary hearing, the trial court granted the respondent temporary primary residential custody, pending the outcome of her petition for permanent residential custody.
Petitioners filed a motion to dismiss for lack of subject matter jurisdiction, stating that the court had no jurisdiction to award primary residential custody to the respondent, pursuant to section 61.13(7), as the petitioners did not have any past or pending dissolution proceedings. After a hearing, the trial court found that it had continuing jurisdiction to enforce the provisions of the prior final judgment of grandparent’s visitation rights, entered in October of 1996, and that the respondent’s action invoked the trial court’s jurisdiction. Thus, it denied the petitioners’ motion to dismiss for lack of jurisdiction.
There is no common law of marital relationships. Legislative enactments provide the court’s jurisdiction to determine matters involving the marital relationship, including the custody of children. Two chapters of Florida Statutes provide for trial court jurisdiction of custody of children. Chapter 39 addresses juvenile matters, including dependency and parental termination proceedings, and Chapter 61 addresses dissolution of marriage, support and custody of children. Under section 61.10, Florida Statutes (1995), a trial court may establish the primary residence and custody of children between two spouses, unconnected with a dissolution. Under subsections 61.13(2) through (7), the court has jurisdiction to determine custody issues in connection with a dissolution of marriage. Section 61.13(7), which began as Florida House Bill 699, provides:
In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child.
In a summary of the bill, the sponsors noted:
This bill authorizes the court to recognize grandparents as having the same standing as parents for purposes of ordering custody in dissolution proceedings in cases where the child actually resides with a grandparent in a stable relationship. The effect of the bill is to give the eourt a third option in ordering custody which is in the best interest of the minor child as a result of a dissolution proceeding.
Fla. House Comm. on Judiciary, Final Bill Analysis & Economic Impact Statement, HB 699 at 1 (April 19, 1993) (emphasis added).
The courts have uniformly held that a grandparent has standing to intervene and seek custody of a child only in a previously filed Chapter 61 action, and that spouses must initiate such actions since they are tied *618 to the marital relationship. See In Interest of J.M.Z., 635 So.2d 134 (Fla. 1st DCA 1994). In Anderson v. Garcia, 673 So.2d 111 (Fla. 4th DCA 1996), we determined that, although a wife’s death terminated the trial court’s jurisdiction in a dissolution action, the court retained jurisdiction over the child. Id. at 112. As such, an ongoing Chapter 61 action gave the grandparents standing to file a motion to intervene in the custody proceedings. See id. We noted that section 61.13(7) did not provide per se standing to grandparents seeking custody, but rather that the grandparents would have the burden of demonstrating that they met the requirements of section 61.13(7) before pursuing their custody claims. See id.
In denying the motion to dismiss, the trial court looked to our decision in Russo v. Burgos, 675 So.2d 216 (Fla. 4th DCA 1996), to support its conclusion that a Chapter 61 action did not necessarily have to exist before grandparents could pursue a claim for custody, pursuant to section 61.13(7), and that the commencement of other actions invoked its jurisdiction. Because the respondent had already obtained a final judgment awarding her visitation rights under section 752.01, the court determined that the pending action was sufficient to invoke both the respondent’s standing, under section 61.13(7), and the court’s jurisdiction.
While the Russo opinion does not fully state its facts, we cited J.M.Z. with approval and highlighted that the father in Russo had petitioned for custody under Chapter 61. See 675 So.2d at 217. Thus, J.M.Z. supported the respondent’s claim of jurisdiction, and the trial court misconstrued the import of our decision in Russo.
No case has ever held that grandparents may seek custody independent of a parent’s Chapter 61 action, either for separate maintenance, unconnected with divorce, or for dissolution. To do so would permit a grandparent to interfere with an intact family, and would be inconsistent with a legislative policy to preserve families when possible. Of course, not every set of parents is beneficial to their children. It is clear that in this case the trial court thought that, in their living arrangements, the petitioners were not acting in the best interests of their remaining child. However, if that is the case, then the respondent’s remedy is the institution of a dependency proceeding. Then the state would intervene and try, through available means, to improve the petitioners’ care of their child. The goal of such proceedings is the reunification of the child with the parents. Conversely, awarding custody of the child to the grandparent, outside of dissolution proceedings, disrupts a viable family.
The trial court was understandably concerned with the welfare of the child in this ease. Although, as judges, we wish we could intervene to protect all of the children of the state, we are constrained by the Legislature’s limited grant of jurisdiction in a case such as this one where the judiciary does not have the authority to consider the respondent’s petition for custody. The petition for writ of prohibition is granted. As we are confident that the trial court will abide by our decision and dismiss the petition, we will withhold the issuance of the writ.
POLEN and SHAHOOD, JJ., concur.