PER CURIAM.
This cause is before us on petition for writ of certiorari to review the trial court’s order finding that Petitioner, the maternal grandfather of B.W., a minor child, did not have standing to seek custody of B.W. We grant the writ and remand to the trial court.
On July 6, 1988, the date B.W. was born, her mother was married to John Watson. B.W.’s mother and Watson divorced in 1991, at which time Watson denied paternity of B.W. The trial court awarded temporary custody of B.W. to her mother. On September 9, 1992, B.W.’s mother signed a stipulation for her parents (Petitioner herein and grandmother (now deceased)) to take care of B.W. The following day, Respondent Salerno, B.W.’s father, filed a paternity suit and was declared her natural father. Respondent was not awarded custody. The child continued to live with her maternal grandparents for four years after the paternity suit and until the death of her maternal grandmother.
On July 19,1996, shortly after the death of B.W.’s maternal grandmother, B.W.’s mother also died. Four days after B.W.’s mother died, Respondent came to Florida and removed B.W. from Petitioner’s home without the benefit of a court order. Immediately after removing B.W. from what had been her home, Respondent handed the child over to his parents in North Carolina.
On August 21, 1996, Petitioner filed an emergency motion with the trial court seeking custody of B.W. The trial court entered an order granting temporary custody of B.W. to Petitioner, pending a hearing. Respondent filed a motion to dismiss for lack of subject matter jurisdiction. On October 11, *124 1996, the trial court entered the order, which is the subject of this appeal, finding that it had no jurisdiction over B.W.
In In the Interest of J.M.Z., 635 So.2d 134 (Fla. 1st DCA 1994), this court stated the rule that section 61.13(7), Florida Statutes (1993), does not create an independent cause of action for custody of a child by its grandparent. This rule does not determine the instant case, however, as Petitioner’s motion for custody is properly premised on the court’s continuing jurisdiction. At the time Petitioner’s motion for custody was filed, the trial court had previously considered and entered orders relating to the custody of B.W. The court had continuing jurisdiction to enter orders affecting B.W.’s custody and best interests, as held in Cone v. Cone, 62 So.2d 907, 909 (Fla.1953), wherein the supreme court stated
It should also be noted that the [dissolution] complaint itself, when children are involved, invokes the jurisdiction of the court as to two separate and distinct matters; it invokes the jurisdiction of the court on the question of divorce, which jurisdiction is completely and finally exercised when a decree on such question is entered, and it also invokes the continuing jurisdiction of the court as to the welfare of the children, which jurisdiction is not completely exercised until the children reach their majority. (Emphasis supplied.)
See also S.G. v. G.G., 666 So.2d 203 (Fla. 2d DCA 1995).
We therefore GRANT the motion for writ of certiorari and REVERSE and REMAND to the trial court for consideration of Petitioner’s motion for custody.
BOOTH, JOANOS and WOLF, JJ., concur.