777 So.2d 1206 (2001)
James WARD, Appellant,
v.
Charles O. HYSELL, Linda K. Hysell and Connie Ward, Appellees.
No. 3D00-687.
District Court of Appeal of Florida, Third District.
February 21, 2001.
Jose M. Medina, Miami, for appellant.
Dennis E. Stone, Homestead, for appellees Charles O. Hysell and Linda K. Hysell.
Before JORGENSON, GODERICH and SHEVIN, JJ.
PER CURIAM.
The father, James Ward, appeals from a final order awarding permanent custody of the minor child to the maternal grandparents pursuant to a custody agreement executed by both parents. He contends that the trial court lacked subject matter jurisdiction to enter this order. We affirm, without making a determination as to the validity of the custody agreement, finding that the trial court has inherent jurisdiction to determine issues of custody. Richardson v. Richardson, 766 So.2d 1036, 1043 (Fla.2000)("[I]n all custody cases, trial courts have broad continuing jurisdiction to ensure the protection of children *1207 within the court's jurisdiction and over matters related to the well-being of a child."); Cone v. Cone, 62 So.2d 907 (Fla. 1953), overruled on other grounds by, Richardson, 766 So.2d at 1043; Waters v. Waters, 578 So.2d 874 (Fla. 2d DCA 1991); Golstein v. Golstein, 442 So.2d 330 (Fla. 4th DCA 1983). However, because the issue raised by the father regarding the validity of the custody agreement was not fully litigated below, this affirmance is without prejudice for the father to re-raise this issue during the currently active dissolution proceedings.
Affirmed.