PER CURIAM.
In this proceeding concerning the custody of the minor daughter of Katherine Harrier (“the Mother”), the order appealed improperly allows physical custody to remain with Hamer’s parents, and therefore, we reverse.
On January 31, 2002, the Mother filed a verified emergency motion for child pickup order to enforce her custody rights to her minor child, who was born in 1993, as against her parents, Candice and Jerome Warmke. See Fla. Fam. L. Form 12.941(d). In that motion, the Mother asserted that in 1997, she and the child’s father, her ex-husband, signed an agreement placing custody of their minor daughter with the Warmkes because the Mother could not afford to provide health insurance for the child. The Mother stated that to her knowledge, the agreement had not been submitted to a circuit court as a petition for temporary custody of a minor child, see § 751.02, Fla. Stat. (2003), and no order had been entered granting the Warmkes custody of the child. The Mother asserted her right to custody of the child pursuant to the Ohio decree dissolving her marriage to the child’s father, and she filed a Uniform Child Custody Jurisdiction Act affidavit. The Mother stated in the motion that she had learned on Christmas Day that her parents were planning to move to France and to take her child with them. She discussed the move with her child, and the child said she did not want to move. When the Mother advised her mother that she did not want the child removed from the country and asked that custody of the child be returned to her immediately, Mrs. Warmke refused. The Mother asserted that she had not seen her mother or her child since January 12 *605 and that her father was in the process of moving out of the Warmkes’ home.
The circuit court, finding that it had jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), initially granted the Mother’s motion on the day it was filed and heard and then entered an order to pick-up the minor child. The order scheduled a return hearing because it was entered without notice to the Warmkes. After the return hearing, the court vacated its order, finding that the agreement signed by the Mother and her ex-husband does not have a procedure whereby either parent can unilaterally revoke custody from the Warmkes, and therefore, the Mother had to move to terminate the agreement pursuant to chapter 751 (“Temporary Custody of Minor Children By Extended Family”) or petition for modification of custody due to changed circumstances.[1]
The Mother filed a motion for rehearing of the order vacating the pick-up order. After several judges recused themselves, Judge Diskey granted the motion and assigned Judge Bray to rehear the matter. Judge Bray entered an order denying the motion for rehearing on the ground that a pick-up motion standing alone is not a cause of action. Noting that chapter 61 provides for registration and enforcement of child custody determinations, the order denied the Mother’s motion for rehearing without prejudice to her right to file a statutory action pursuant to chapter 61.
The circuit court erred in denying the Mother’s motion because “a circuit court has inherent jurisdiction over minor children as to their custody and welfare. That jurisdiction is not dependent on the case having originated in either a chapter 61 or chapter 39 action or under any other statute.” Waters v. Waters, 578 So.2d 874, 874 (Fla. 2d DCA 1991) (reversing dismissal of grandparents’ petition seeking custody of grandchild, with parents’ consent, because petition was not filed in context of a dissolution action under chapter 61 or a dependency action under chapter 39). See also Ward v. Hysell, 777 So.2d 1206, 1206-07 (Fla. 3d DCA 2001) (rejecting father’s argument that trial court lacked subject matter jurisdiction to enter order awarding permanent custody of minor child to grandparents pursuant to custody agreement executed by parents on ground that trial court has inherent jurisdiction to determine issues of custody) (citing Richardson v. Richardson, 766 So.2d 1036, 1043 (Fla.2000) (“[I]n all custody cases, trial courts have broad continuing jurisdiction to ensure the protection of children within the court’s jurisdiction and over matters related to the well-being of a child.”)).
*606 Accordingly, we reverse the circuit court’s order denying the Mother’s motion for rehearing and remand with directions that the order to pick-up minor child be reinstated.
Reversed and remanded with directions.
WHATLEY, NORTHCUTT and KELLY, JJ., Concur.

. The court was mistaken. The custody-agreement did not legally transfer custody to the Warmkes because it was never ratified by the circuit court in an order awarding temporary custody. Section 751.02, Florida Statutes (2003), provides that “any relative of a minor child who has the signed, notarized consent of the child’s legal parents, or any relative of the child ... may bring proceedings in the circuit court to determine the temporary custody of the child." After a hearing of which the parents have been notified and given an opportunity to be heard, the court may enter an order awarding temporary custody to a relative if such action is in the best interests of the child and the parents do not object. Although the Warmkes filed a motion for an order approving the custody agreement after the pick-up order was vacated, the record does not show that any action was taken on that motion. Thus, the custody agreement, which did not include a waiver of parental rights, was not by itself effective to give the Warmkes rights to the minor child superior to those of the Mother. See K.N.B. v. M.C. (In the Interest of N.Z.B. & M.T.B.), 779 So.2d 508 (Fla. 2d DCA 2000) (holding that absent waiver of parental rights, father was free to withdraw consent to custody of his children with maternal grandmother, particularly when no valid court order had approved private agreement).